UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERIZON SERVICES CORP., on behalf of the Verizon operating companies, specifically Verizon Virginia Inc., Verizon Maryland Inc., and Verizon Washington, DC Inc.<br>*Movant,*<br><br>and<br><br>LIGHTWAVE COMMUNICATIONS, LLC,<br>*Respondent.* | Civil Action No. 07civ6519<br><br>The Hon. Jed S. Rakoff |

**MEMORANDUM IN SUPPORT OF VERIZON MOTION TO DISMISS**

Andrew G. McBride (AM1966)
*Counsel for Verizon Services Corp.*
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   THE PARTIES ............................................................................................................... 1

II.  BACKGROUND ............................................................................................................ 1

III. ARGUMENT .................................................................................................................. 4

    A.   This Action Should Be Dismissed for Lack of Subject Matter Jurisdiction. ...................... 4

    B.   This Action Should Be Dismissed Under the Doctrine of *Colorado River Water Conservation District v. United States* ................................................................. 9

IV.  CONCLUSION ............................................................................................................. 13

CORPORATE DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1 .............. 14

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Ash v. Alexander,* 2000 U.S. Dist. LEXIS 171, No. 99 Civ. 3820 (Rakoff, J.),
    (S.D.N.Y. Jan. 12, 2000) ................................................................................... 10, 12

*Colorado River Water Conservation District v. United States*,
    424 U.S. 800 (1976) ........................................................................................... 1, 9, 13

*D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93 (2d Cir. 2001) ............................................ 6

*Dittmer v. Cty. of Suffolk*, 146 F.3d 113 (2d Cir. 1998) ....................................................... 9

*Drexel Burnham Lambert, Inc. v. Valenzuela Bock*,
    696 F. Supp. 957 (S.D.N.Y. 1998) ................................................................................ 4

*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983) .......... 7

*Gully v. First Nat'l Bank*, 299 U.S. 109 (1936) ................................................................... 5

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986) ....................... 4, 5

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
    460 U.S. 1 (1983) ................................................................................................... 1, 9

*Solkav Solartechnik, GES.m.b.H. v. Besicorp Group, Inc.*,
    No. 96 Civ. 442, 1996 U.S. Dist. LEXIS 7243 (S.D.N.Y. 1996) .................... 10, 11, 12

*Taylor v. Anderson*, 234 U.S. 74 (1914) ............................................................................ 4

*Telesco v. Telesco Fuel & Masons' Materials, Inc.*,
    765 F.2d 356, 362 (2d Cir. 1985) .............................................................................. 9, 11

*Verizon New York, Inc. v. Choice One Communications of New York, Inc.*,
    No. 06 Civ. 9955, 2007 U.S. Dist. LEXIS 22385 (S.D.N.Y. Mar. 27, 2007) ................ 8

*West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*,
    815 F.2d 188 *(2d Cir. 1987)* ...................................................................................... 4, 5

*Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263 (2d Cir. 1996), *amended
    opinion reported at* 1996 U.S. App. LEXIS 35571 ........................................................ 4

## FEDERAL STATUTES

9 U.S.C. § 10(a) ...........................................................................................................................6

28 U.S.C. § 1331 ......................................................................................................................4, 7

28 U.S.C. § 1332 .........................................................................................................................4

Fed. R. Civ. P. 12(b)(1)................................................................................................................1

Fed. R. Civ. P. 12(h)(3)..............................................................................................................13

## STATE STATUTES

N.Y. C.P.L.R. § 7509...................................................................................................................2

N.Y. C.P.L.R. § 7511(b)(1) .........................................................................................................5

## ADMINISTRATIVE LAW DECISIONS

*Petition of Qwest Corporation for Forbearance Pursuant to 47 U.S.C. § 160(c) in the Omaha Metropolitan Statistical Area*, Memorandum Opinion and Order, 20 FCC Rcd 19415 (¶ 82) (2005), *petitions for review denied, Qwest Corp. v. FCC*, 482 F.3d 471 (D.C. Cir. 2007). .............................................................................7

Movant Verizon Services Corp. ("Verizon") hereby moves this Court, pursuant to Fed. R. Civ. P. 12(b)(1), against Respondent Lightwave Communications, LLC ("Lightwave"), to dismiss the instant action for lack of subject matter jurisdiction or, in the alternative, to dismiss the instant action under the abstention doctrine set out in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983). In support of its Motion, Verizon states as follows:

## I.     THE PARTIES

Verizon is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arlington, Virginia. Verizon Virginia Inc. is a Virginia corporation with its principal place of business in Virginia. Verizon Maryland Inc. is a Maryland corporation with its principal place of business in Maryland. Verizon Washington, DC Inc. is a New York corporation with its principal place of business in Washington, DC.

Respondent Lightwave is a Delaware limited liability corporation with its principal place of business in Laurel, Maryland.

## II.     BACKGROUND

Lightwave provides retail telecommunications services in Virginia, Maryland, and the District of Columbia in large part by leasing elements of Verizon's operating company affiliates'[1] networks to deliver telephone service to Lightwave's retail customers. Verizon bills Lightwave for these wholesale services on a monthly basis. Lightwave has a substantial overdue balance in its payments to Verizon, much of which involves charges disputed by Lightwave (the

---

[1] The services at issue were provided by Verizon Virginia Inc., Verizon Washington, DC Inc., and Verizon Maryland Inc. Verizon Services Corp. entered into the agreement with Lightwave on behalf of these and other Verizon operating companies.

1

"Billing Disputes") that were the subject of an arbitration between the parties that concluded on April 27, 2007.

The business relationship between Verizon and Lightwave is governed by a written contract, the Wholesale Advantages Services Agreement ("Wholesale Agreement"), effective as of July 1, 2005. The Wholesale Agreement governs the terms under which Verizon provides wholesale services to Lightwave, including pricing, billing, and dispute resolution. The Wholesale Agreement replaced and superseded a set of state-specific interconnection agreements between the parties, which were governed by federal law and enforced by state public utility commissions.

Pursuant to the Wholesale Agreement's arbitration clause, on September 29, 2006, Lightwave filed a demand for arbitration of the Billing Disputes with the American Arbitration Association. Lightwave claimed it was entitled to approximately $3 million in billing credits from Verizon. Verizon counterclaimed, seeking a determination that a large portion of the past-due charges were appropriately billed and must be paid. The parties selected an arbitrator, exchanged exhibits, and presented six days of live testimony as well as post-hearing briefs to the arbitrator. On April 27, 2007, the Arbitrator issued a written award ("Arbitration Award"), which ordered Verizon to issue credits to Lightwave in the amount of $1,078,623.81 and ordered Lightwave to pay Verizon $1,846,386.75. No motion to amend any part of the Arbitration Award was presented to the arbitrator by either party under AAA Rule 46 or N.Y. C.P.L.R. § 7509. The Arbitration Award specified that all credits and payments were to be exchanged by June 30, 2007. Verizon has issued all credits and complied with the Arbitration Award in all respects. Despite the fact that it brought the arbitration in the first place, Lightwave has refused to make good on any part of the payment it is required to make under the Arbitration Award.

On July 5, 2007, Verizon filed a Motion to Confirm Arbitration Award in the Circuit Court of Fairfax County, Virginia, in accordance with the Wholesale Agreement's provision that judgment on an arbitration award may be entered in any court having jurisdiction over the parties. *See* Memorandum in Support of Lightwave Mot. for Partial Conf. and Partial Vac. of Arb. Award at 12 (Jul. 19, 2007) ("Lightwave Motion") (citing Wholesale Agreement § 18). Verizon filed in Virginia state court because Verizon's principal place of business is in Arlington, Virginia, and a substantial portion of the disputed charges in the arbitration related to services provided by Verizon to Lightwave in the Commonwealth of Virginia.

In its Motion to Confirm, Verizon requested that the court confirm the Arbitration Award and enter judgment in the amount of $1,846,386.75 against Lightwave—the amount of the arbitration award that Lightwave has refused to pay. Verizon also requested appropriate late payment charges, as specified in the Wholesale Agreement, and attorney's fees and other expenses as compensation for Lightwave's improper attempt to reap the benefits of the Arbitration Award without living up to Lightwave's own obligations under the same award. On July 18, 2007, Lightwave's counsel appeared on a telephonic conference call with the Chief Judge of the Fairfax County Circuit Court to establish a briefing schedule in the Virginia action. As a result of that conference call, a hearing date of August 17, 2007, was set, and a briefing schedule was agreed to by both parties. One day later, on July 19, 2007, Lightwave filed its Motion in this Court.

### III. ARGUMENT

#### A. This Action Should Be Dismissed for Lack of Subject Matter Jurisdiction.

Lightwave asserts that "[t]his Court has federal question jurisdiction over this action under 28 U.S.C. § 1331."[2] Lightwave Motion at 12. However, no facts are presented that could support this assertion and no such facts exist. This is a contract and billing dispute under a private contract between two commercial entities that resulted in an arbitration award. It is black-letter law that the Federal Arbitration Act does not create federal question jurisdiction[3] and there is obviously no other federal question presented by the decision whether or not to confirm an arbitration award. On its face, the complaint's allegation of federal jurisdiction is patently insufficient and the case should be summarily dismissed for lack of subject matter jurisdiction.[4]

To invoke this Court's limited subject matter jurisdiction, Lightwave must establish either that a federal cause of action exists or that a substantial federal question is embedded in a state cause of action. "There are two tests under which an action may present a federal question. The first asks whether federal law creates the cause of action. If so, federal question jurisdiction

---

[2] As noted in Section I, above, because both parties are incorporated in Delaware, there is no diversity of citizenship that would support federal jurisdiction under 28 U.S.C. § 1332.

[3] It is well-settled that the FAA alone does not confer federal jurisdiction, *see, e.g.*, *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263 (2d Cir. 1996), amended opinion reported at 1996 U.S. App. LEXIS 35571, at *15 ("[A]lthough a number of provisions in the FAA refer to the 'United States court' in a manner that suggests a bestowal of jurisdiction (*e.g.*, FAA §§ 7, 9, 10, 11), these provisions have not been interpreted to confer jurisdiction on the federal courts.") (citing *Drexel Burnham Lambert, Inc. v. Valenzuela Bock*, 696 F.Supp. 957, 960-61 (S.D.N.Y. 1988) (collecting cases)), and the interpretation of any applicable New York state arbitration laws obviously does not support federal jurisdiction. Whether the Arbitration Award should be confirmed under either statute is, therefore, simply not an issue that presents a federal question.

[4] In determining whether the Lightwave Motion presents a federal question, "jurisdiction must be found from 'what necessarily appears in the plaintiff's statement of his own claim' … Examining only those allegations which are properly raised in a well-pleaded complaint, the court must then determine whether the substance of those allegations raises a federal question." *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir. 1987) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-6 (1914); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

4

exists." *West 14th Street*, 815 F.2d at 192. "If state law creates the cause of action, the second test asks whether that cause of action poses a substantial federal question." *Id*. Emphasizing that any federal issue raised in a non-federal cause of action must be truly substantial under the second test, "the [Supreme] Court [has] warned, 'the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction.'" *Id*. at 193 (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986)); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 114 (1936) (when, in a state cause of action, "the federal nature of the right to be established is decisive," there is a substantial federal question) (quotation omitted).

This case involves the confirmation of an arbitration award that arose out of a simple contractual dispute over the provision of, and billing and payment for, certain telephone services in Virginia, Maryland, and the District of Columbia. *See* Lightwave Motion at 6-7 (describing the nature of the billing dispute). Lightwave's motion to partially confirm and partially vacate the Arbitration Award turns solely on the application of the extremely narrow grounds for vacating an arbitration award under New York state law[5] or the FAA.[6] The case thus presents a

---

5     Those grounds for vacating an arbitration award under New York state law are:

    (i) corruption, fraud or misconduct in procuring the award; or

    (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or

    (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or

    (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection.

N.Y. C.P.L.R. § 7511(b)(1).

straightforward application of New York state law and a federal statute that, as noted above, cannot give rise to federal jurisdiction.

The closest that Lightwave comes to alleging a basis for federal jurisdiction is its remarks that "[t]he parties are regulated entities under Federal law and are subject to the Federal Telecommunications Act of 1996" and "the Interconnection Agreements and Wholesale Agreement require each party to remain compliant with Federal law in their performance thereunder." *Id*. at 12.

The first statement—that both Verizon and Lightwave are subject to federal regulation, including under the Telecommunications Act of 1996—is true, but irrelevant to federal jurisdiction. The complaint cannot and does not allege that the decision to confirm or vacate the Arbitration Award turns on any issue of federal law other than the FAA. Nor does it cite any provision of federal law that is relevant to the dispute or whose interpretation is required to resolve the dispute. *See D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93, 99 (2d Cir. 2001) ("'[A] case is deemed to 'arise under' federal law 'where the vindication of a right under state

---

6     The only grounds for vacatur under the FAA are:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

law necessarily turns on some construction of federal law.'" (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, (1983)). Federally regulated entities do not a federal question make. Many industries are the subject of federal regulation. If that were all that were required to invoke federal jurisdiction, the state courts would have very little to do and the federal district courts would be overwhelmed with commercial disputes of every type.

  The second statement—that the Wholesale Agreement requires that the companies remain compliant with certain federal laws—is equally unavailing. The Wholesale Agreement is a privately negotiated, commercial agreement that provides Lightwave with wholesale services that federal law no longer compels companies like Verizon to provide to their competitors. The Federal Communications Commission, commenting on a similar wholesale offering from Qwest communications, noted that Qwest had "introduced [that] commercial product . . . in the absence of a legal mandate to do so." *Petition of Qwest Corporation for Forbearance Pursuant to 47 U.S.C. § 160(c) in the Omaha Metropolitan Statistical Area*, Memorandum Opinion and Order, 20 FCC Rcd 19415 (¶ 82) (2005), *petitions for review denied*, *Qwest Corp. v. FCC*, 482 F.3d 471 (D.C. Cir. 2007). Because the Wholesale Agreement is a private contract—not a federal law or federal regulation—an action challenging an arbitration undertaken pursuant to that contract does not raise any federal questions.

  Lightwave also references the now defunct Interconnection Agreements that existed between the parties prior to the Wholesale Agreement. Although those agreements did implement federal law requirements, they have no relevance to this dispute, which arose under the arbitration provision in the Wholesale Agreement.

  In fact, another court in this district recently held that a dispute under an Interconnection Agreement does not necessarily arise under federal law for purposes of 28 U.S.C. § 1331. In

7

*Verizon New York Inc. v. Choice One Communications of New York, Inc.*, No. 06 Civ. 9955, 2007 U.S. Dist. LEXIS 22385 (S.D.N.Y. Mar. 27, 2007), Choice One removed an action from state court which Verizon had brought to collect amounts due under a provision in the parties' prior interconnection agreement.  As the court noted, Verizon's complaint involved a "true up" provision that "was a privately negotiated contractual provision which was not derived from federal law" and that "has nothing to do with the goals and purposes of the [federal] Act," notwithstanding the fact that "the contractual provision in dispute is found in an interconnection agreement."  *Id.* at *30, *42.  The court, therefore, found that it lacked subject matter jurisdiction and remanded the case to state court, where it remains pending.  *See id.* at *42.  If a dispute about a commercial provision in an Interconnection Agreement does not arise under federal law, it necessarily follows that this dispute—which arises entirely under a private contact which superseded any interconnection agreements—does not arise under federal law for jurisdictional purposes.

Because the Lightwave Motion manifestly does not rest upon any federal cause of action, and because it does not present, let alone turn upon, the kind of substantial question of federal law sufficient to otherwise confer jurisdiction, there are no grounds upon which this Court's subject matter jurisdiction can rest.  Because the summary allegations contained in the Lightwave Motion are patently insufficient to invoke federal jurisdiction and because there is obviously no federal question presented by any aspect of this dispute, Verizon respectfully requests that the Court summarily dismiss this action for lack of subject matter jurisdiction.

**B.      This Action Should Be Dismissed Under the Doctrine of *Colorado River Water Conservation District v. United States*.**

Dismissal of this action is proper for a second reason: a state court has already taken jurisdiction over identical issues in an action filed before this one.  Lightwave's counsel has already appeared in that action and participated in a conference with the Chief Judge of that court.  A briefing schedule has been set in that court and a hearing date of August 17, 2007, has been set for the motion to confirm.  Lightwave's filing in this Court constitutes the worst form of delay tactics and forum shopping.  Verizon requests that this Court dismiss the action under the abstention doctrine set out in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).  This case lies in the heartland of *Colorado River* abstention—any federal proceedings would be completely duplicative of a first-filed state court action.  *See Colorado River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 15; *Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 362 (2d Cir. 1985) ("To begin with, the federal and state actions are essentially the same.").

As the Second Circuit has explained, a "necessary prerequisite to abstention under *Colorado River*" is "a finding that the concurrent proceedings are 'parallel.'" *Dittmer v. County of Suffolk*, 146 F.3d 113, 117-18 (2d Cir. 1998) (citations omitted).  Here, the motion filed by Lightwave in this court and the motion filed by Verizon in Fairfax County Circuit Court present precisely the same issue (and no other issues): whether the Arbitration Award should be confirmed or vacated.

Under the *Colorado River* test, when a proceeding in federal court parallels a proceeding in state court, a federal court considers six factors in determining whether abstention is appropriate:

9

> (1) whether either the state or federal court has assumed jurisdiction over a *res;*
>
> (2) the relative inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the actions were filed; (5) whether state or federal law provides the rule of decision; (6) whether the state action will protect the federal plaintiffs' rights.

*Solkav Solartechnik, GES.m.b.H. v. Besicorp Group, Inc.*, No. 96 Civ. 442, 1996 U.S. Dist. LEXIS 7243 at *5 (S.D.N.Y. 1996) (citation omitted).

The first and second factors are irrelevant in this case.[7] *See Ash v. Alexander*, 2000 U.S. Dist. LEXIS 171, No. 99 Civ. 3820 (Rakoff, J.), *8 (S.D.N.Y. Jan. 12, 2000) ("Here … the first factor, i.e., assumption of jurisdiction over property by either court is a complete irrelevancy and the second factor, regarding relative inconvenience is of little moment."). Each of the four remaining factors that are relevant strongly support abstention in favor of the pending state court proceeding in Virginia.

As in *Solkav Solartechnik*, the remaining factors favor the Virginia forum: "the protection of [Lightwave's] rights, the order in which the cases were filed, and the avoidance of piecemeal litigation" *Solkav*, 1996 U.S. Dist. LEXIS 7243 at *6, "weigh strongly in favor of abstention," *id*. First, there is "no suggestion that [Lightwave's] rights will not be adequately protected in the state court proceeding," *id*., and Lightwave does not allege any such possible prejudice in its motion, *see Ash*, 2000 U.S. Dist. LEXIS 171 at *10.

---

[7]  Both parties consented to personal jurisdiction and venue in court in Manhattan in Section 8.1 of the Wholesale Agreement, but that section does not confer exclusive jurisdiction and venue in courts in New York. Nor can the parties create subject matter jurisdiction by consent. Rather, that provision merely ensures that there is at least one forum that has jurisdiction. Verizon and Lightwave are subject to personal and subject matter jurisdiction in numerous forums, including Fairfax County, Virginia.

Second, the Lightwave Motion was filed in this Court two weeks after Verizon filed its motion to confirm the same Arbitration Award in Virginia and *after* Lightwave's counsel had appeared in person before a Circuit Judge in Virginia to set an initial hearing date and by telephone before the Chief Judge of the Fairfax County Circuit Court to establish a briefing schedule and agree on a hearing date for Verizon's motion. Verizon's motion to confirm the Arbitration Award and Lightwave's opposition to that motion will necessarily decide every issue Lightwave attempts to present to this Court. A hearing to decide Verizon's motion had already been scheduled for August 17, 2007, when Lightwave filed its competing action in this Court. Lightwave's counsel has agreed to a briefing schedule in Virginia and Lightwave filed an opposition to Verizon's motion in Virginia on July 26, 2007. Lightwave's opposition in Virginia attached and incorporated by reference the Lightwave Motion in this action. Lightwave's lead counsel has also sought and obtained *pro hac vice* status to appear in the Virginia action. Thus, "[t]he actions in state and federal court involve the identical issues," *Solkav*, 1996 U.S. Dist. LEXIS 7243 at *6, the proceedings in Virginia have progressed further than those in this Court, and neither party will be denied judicial relief by the dismissal of this action.

Third, as of the date of filing this motion, Lightwave has not sought to enjoin the Virginia proceeding, nor did Lightwave even inform the Fairfax County Circuit Court or Verizon of its intention to bring an action in this Court when the parties conferred to establish the briefing schedule in the Virginia proceeding the day before this action was filed. Lightwave's filing in this Court has an element of gamesmanship to it as well as disrespect for the judicial resources of both this Court and the Virginia Circuit Court.[8] In the interest of avoiding piecemeal litigation,

---

8   *See Telesco*, 765 F.2d at 363 ("In *Cone*, the Supreme Court stated that it found 'considerable merit' in the idea 'that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*.'") (citations omitted).

as well as the possibility of conflicting rulings, this Court should abstain from addressing the Lightwave Motion, which is entirely duplicative of issues previously raised in a pending state action. *See Ash*, 2000 U.S. Dist. LEXIS 171, at *9-10 ("Avoiding piecemeal litigation is particularly important where the issues in the parallel proceedings are the same or substantially similar … or where similarity among parties is such that it risks 'inconsistent and mutually contradictory determinations' that could 'cause friction between state and federal courts.'") (citations omitted).

Finally, unlike in *Solkav Solartechnik*, the law to be applied in this case is not "primarily … federal." 1996 U.S. Dist. LEXIS 7243 at *5. Neither does this action involve an "issue of federal law that will present an issue of first impression"—a consideration that the Second Circuit has deemed important in deciding when abstention is appropriate. *Id.* at *6 (citation omitted). Indeed, as demonstrated in Section III.A, above, there is no issue of federal law presented by any aspect of this case. Because the confirmation of the Arbitration Award turns on the application of standards set out in the FAA (which does not in itself confer federal jurisdiction) and New York state law, there are even less compelling grounds for retaining federal jurisdiction in this case than there were in *Solkav Solartechnik*, where this Court elected to abstain despite the preponderance of federal issues in that case. *Id*. at *5.

For all these reasons, even if federal jurisdiction were present (which it clearly is not), abstention would be warranted under *Colorado River*. *See Ash*, 2000 U.S. Dist. LEXIS 171, at *11 ("[T]he significant risks here posed of piecemeal and inconsistent litigation of an entirely New York claim, and the total lack of prejudice to the plaintiff from being referred to the state court proceeding, warrant abstention in favor of the ongoing state court action."). Accordingly,

Verizon requests that this Court dismiss this action, or, at a minimum, stay these proceedings pending resolution of Verizon's motion to confirm the Arbitration Award in Virginia.

## IV. CONCLUSION

Based on the foregoing, Movant Verizon prays that this Court:

(1) Dismiss the Lightwave Motion for lack of jurisdiction. Because the jurisdictional defect in this case is so glaring and is incapable of remedy, and because this action unnecessarily duplicates a pending proceeding in Virginia state court, Verizon respectfully requests that the Court dismiss the above-captioned action summarily, without further expenditure of the resources of the Court or Verizon on a case that clearly does not belong in federal court. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

(2) In the alternative, dismiss or stay the instant action under the doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

(3) Award any and all other additional relief that the Court deems just and proper.

Respectfully submitted,

By: /s/ Andrew G. McBride
Andrew G. McBride, Esq. (AM1966)
**WILEY REIN LLP**
1776 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

Dated this 2nd day of August, 2007.

**CORPORATE DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1**

Verizon Services Corp. is a Delaware corporation with its principal place of business in Virginia; Verizon Virginia Inc. is a Virginia corporation with its principal place of business in Virginia; Verizon Maryland Inc. is a Maryland corporation with its principal place of business in Maryland; Verizon Washington, DC Inc. is a New York corporation with its principal place of business in Washington, DC.

Verizon Services Corp., Verizon Virginia, Verizon Maryland, and Verizon Washington, DC, are all wholly owned subsidiaries of Verizon Communications Inc., which is a publicly traded company.

## CERTIFICATE OF SERVICE

      I, Andrew G. McBride, hereby certify that on August 2, 2007, I caused a copy of the foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction to be delivered by overnight courier to the party listed below:

Andrew M. Klein, Esq.
Klein Law Group PLLC
4800 Montgomery Lane
Bethesda, MD 20814

*Counsel for Lightwave
Communications, LLC*

                                                        /s/ Andrew G. McBride
                                                           Andrew G. McBride