UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIGHTWAVE COMMUNICATIONS, LLC

Petitioner,

-against-

VERIZON SERVICES CORP.,
VERIZON MARYLAND INC.,
VERIZON VIRGINIA INC.,
VERIZON SOUTH INC.,
and VERIZON WASHINGTON D.C. INC.

Respondents.

Civil Action No. 07 Civ. 6519

The Hon. Jed S. Rakoff

Motion Date:  August 30, 2007

STATE OF NEW YORK          )
                           )  ss.:
COUNTY OF NEW YORK         )

Andrew M. Klein, being duly sworn, deposes and says:

1.      I am the Principal of Klein Law Group, PLLC, attorneys for the Petitioner

Lightwave Communications, LLC ("Lightwave"), and, as such, I am fully familiar with

the facts and circumstances related to the above-captioned matter.

2.      I respectfully submit this affidavit in support of the Petitioner's

Memorandum in Opposition to Verizon Motion to Dismiss.

3.      A true and correct copy of the Klein Affidavit submitted with Lightwave's

Motion to Vacate is annexed to this Affidavit as Exhibit A.

4.      Upon information and belief, and review of relevant data, the disputes

underlying approximately ninety-two (92) percent of the awards to Verizon subject to

vacatur here arose while Verizon and Lightwave were operating solely under the

Interconnection Agreements.  Upon information and belief, the data presented in the chart

annexed to this Affidavit as Exhibit B reflects an accurate statement of the amounts arising under the Interconnection Agreements for the items therein, which are subject to vacatur in this proceeding.

5.    A true and correct copy of the Verizon Industry Letter advising that the Federal Communications Commission had reduced the lawful rate for Local Usage Virginia to $0.00, dated December 3, 2004, is annexed to this Affidavit as Exhibit C.

6.    A true and correct copy of cited portions of the Arbitration Transcript is annexed to this Affidavit as Exhibit D.

7.    A true and correct copy of Verizon's Arbitration Brief, in relevant part, is annexed to this Affidavit as Exhibit E.

8.    A true and correct copy of the Arbitration Award, issued April 27, 2007, is annexed to this Affidavit as Exhibit F.

9.    A true and correct copy of the parties' Wholesale Services Agreement, in relevant part, is annexed to this Affidavit as Exhibit G.

10.    True and correct copies of the parties' Interconnection Agreements, in relevant part, are annexed to this Affidavit as Exhibit H.

11.    True and correct copies of the Verizon Fairfax Virginia Motion and Reply Memorandum are annexed to this Affidavit as Exhibit I.

12.    A true and correct copy of Lightwave's Memorandum in Opposition to Verizon's Fairfax Virginia Motion is annexed to this Affidavit as Exhibit J.

13.    A true and correct copy of the statement of account balance between Lightwave and Verizon for the period July 1, 2006 to June 30, 2007, on an accrual basis,

along with wire transfer payment confirmations and related emails between Verizon and Lightwave, are annexed to this Affidavit as Exhibit K.

14.    To my personal knowledge, during the negotiation of the Wholesale Advantage Agreement, Verizon insisted upon the forum selection clause as it exists in that Agreement, and deemed that clause and other key terms non-negotiable.

15.    Upon information and belief, ninety percent of the activity between the parties that gave rise to the disputes submitted to Arbitration occurred outside of Virginia, with approximately eighty percent of such activity in the State of Maryland.

16.    To my personal knowledge, the Virginia Circuit Court, Fairfax County, raised *sua sponte* the question of whether jurisdiction and venue were proper in that court at the initial Calendar Call on July 7, 2007.

_____
Andrew M. Klein

Sworn to before me this
16th day of August, 2007

_____
Notary Public

My commission expires: 12/4/2010