**VIRGINIA:**

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

FILED
2007 JUL -5 AM 11: 08

CLERK CIRCUIT COURT
FAIRFAX, VA

VERIZON SERVICES CORP., on behalf of the
Verizon operating companies, specifically Verizon
Virginia Inc., Verizon Maryland Inc., and Verizon
Washington, DC Inc.
           *Movant,*

and

LIGHTWAVE COMMUNICATIONS, LLC,
           *Respondent.*

Case No. 2007 7982

### MOTION TO CONFIRM ARBITRATION AWARD

Movant Verizon Services Corp. ("Verizon" or "Movant") hereby moves this Court, pursuant to Va. Code § 8.01-577 *et seq.*, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, as that act is supplemented by New York law, including the New York Civil Practice Law and Rules on Arbitration, N.Y. C.P.L.R. § 7501 *et seq.*, against Respondent Lightwave Communications, LLC ("Lightwave" or "Respondent") to confirm and enter judgment upon an arbitration award. In support of this Motion, Verizon states as follows:

**Parties, Jurisdiction, and Venue**

1. Verizon is a corporation organized and existing under the laws of the State of Delaware, has its principal place of business at 1310 North Court House Road Arlington, VA 22201 and conducts business throughout the Commonwealth of Virginia, including Fairfax County. Accordingly, this Court has jurisdiction over Movant.

2.  Lightwave is a Delaware limited liability corporation with its principal place of business at 14504 Greenview Drive, Suite 302, Laurel, Maryland 20708. It transacts business throughout the Commonwealth of Virginia, including Fairfax County. Accordingly, this Court has jurisdiction over Respondent.

3.  Venue is proper in this Court under Va. Code Ann. §§ 8.01-581.015 and 8.01-262(3).

### Background

4.  Verizon provides retail and wholesale telecommunications services and other related communications services in the Commonwealth of Virginia. Lightwave provides retail telecommunications services in the Commonwealth of Virginia, in large part by leasing elements of Verizon's network to provide service to Lightwave's retail customers. Verizon bills Lightwave for these wholesale services on a monthly basis. Lightwave has a substantial overdue balance in its payments to Verizon, much of which involves charges disputed by Lightwave (the "Billing Disputes") that were the subject of an Arbitration concluded between the parties on or about April 27, 2007. The Arbitrator has now rejected many of Lightwave's challenges to previously billed items and entered an award of approximately $1.8 million dollars to Verizon. Lightwave has refused to pay any portion of the arbitration award, necessitating judicial enforcement of the award.

5.  The business relationship between Verizon and Lightwave is governed by a written Wholesale Advantages Services Agreement ("Agreement"), effective as of July 1, 2005. In that Agreement, Verizon and Lightwave agreed that all disputes, including the Billing Disputes, that arose out of or related to the Agreement would be settled by arbitration pursuant to

the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), as modified by the Agreement.[1]

6.  The Agreement expressly provides that judgment on an arbitrator's award may be entered in any court having jurisdiction over the parties.

7.  Pursuant to the Agreement, on September 29, 2006, Respondent filed a demand for arbitration of the Billing Disputes with the AAA.

8.  On October 19, 2006, Verizon filed a response, which included counterclaims as permitted by AAA Rule 4(b).

9.  Pursuant to the Agreement and the applicable AAA rules and procedures, John A. Bonello, Esq. was chosen by the parties to arbitrate the claim.

10. At a hearing held over seven days between November, 2006, and January, 2007, at which both parties were represented by counsel, the Arbitrator heard evidence from both parties on fifty-nine separate issues. The evidence included numerous live witnesses and numerous exhibits bearing on the services provided by Verizon to Lightwave and the Billing Disputes.

11. On April 27, 2007, the Arbitrator issued a written award ("Arbitration Award") which ordered Verizon to issue certain credits to Lightwave and ordered Lightwave to pay Verizon $1,846,386.75.[2]

---

[1] Both the Agreement and the Arbitration Award are confidential documents containing commercially sensitive information. Both documents will be filed as exhibits to this Motion upon the Court's favorable disposition of Verizon's Motion for Leave to File Certain Pleadings Under Seal.

[2] We note that the total at the conclusion of the Arbitrator's Award Chart is $1,844,250.44 rather than $1,846,386.75. This is because, in totaling the individual awards, an amount of $2,136.31, which was awarded to Verizon was inadvertently applied to Lightwave's total instead of Verizon's total.


Odin
Feldman
Pittleman PC

12. The Arbitration Award stated it conclusively resolved all the billing disputes between Lightwave and Verizon that were the subject of the arbitration in the amounts specified on the Award Chart attached to the Arbitration Award. The Arbitration Award further stated that and all claims not expressly granted in the Arbitration Award were denied.

13. The Arbitration Award required both parties to exchange certain technical information to allow for tracking of credits and payment by May 31, 2007.

14. Verizon transmitted the required tracking information in an email addressed to the Lightwave CEO, Mr. Mark Ricigliano, on May 30, 2007. Lightwave did not send Verizon its payment information by the date set out in the Arbitration Agreement and has yet to do so despite demand by Verizon that it do so.

15. The Arbitration Award specified that all credits and payments were to be exchanged by June 30, 2007.

16. In two separate transmissions dated June 25, 2007, and June 28, 2007, Verizon issued all credits due to Lightwave under the Arbitration Award. Verizon has otherwise complied with the Arbitration Award in all respects.

17. Respondent has refused to make the payment ordered by the Arbitration Award or to take any other step to comply with the Arbitration Award. Accordingly, a judgment of this Court confirming the Arbitration Award is necessary to facilitate enforcement of the award.

### Legal Authorities

18. The Wholesale Agreement specifies that the construction, interpretation and performance of this Agreement shall be governed by (a) the laws of the United States of America and (b) the laws of the State of New York.



-3-

19. This motion is authorized by 9 U.S.C. §§ 9 and 13, and is provided for in ¶ 18 of the Agreement. See also N.Y. C.P.L.R. §§ 7510 and 7514 (parallel provisions under New York law) and Va. Code §8.01-581.015.

20. This motion is timely filed under 9 U.S.C. § 9 within one year of the Arbitration Award. See also N.Y. C.P.L.R. § 7510 (parallel provision under New York law).

21. This Court should enter judgment confirming the Arbitration Award, without regard to any arguments Respondent has or may raise with respect to the merits of the Arbitrator's interpretation of the Wholesale Agreement or other findings or conclusions. See Wien & Malkin LLP v. Helmsley-Spear, Inc., 6 N.Y.3d 471, 479-80, 846 N.E.2d 1201, 1206 (N.Y. 2006) ("It is well settled that judicial review of arbitration awards is extremely limited. … Indeed, we have stated time and again that an arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice.") (internal citations and question marks omitted); 9 U.S.C. §§ 10, 11 (setting out only authorized grounds for vacating or modifying an arbitrator's award); see also N.Y. C.P.L.R. § 7511 (parallel provision under New York law).

22. Under the AAA Commercial Arbitration Rule 46 and N.Y. C.P.L.R. § 7509, a party may apply to the arbitrator for clarification or modification of an award within twenty days from the date the award is issued. Lightwave made no attempt to seek clarification or modification of the Arbitration Award from the arbitrator himself and should not now be heard to object to this Motion to Confirm Arbitration Award.

23. This Court should award Verizon interest dating from July 1, 2006, being the first day after the billing period disputed in the arbitration, which was January 1, 2004, through June 30, 2006.





24. The Agreement states that charges due to Verizon that are not paid on or before the due date are subject to a late payment charge of 1.5% per month. This late payment charge is suspended while amounts are disputed, but is reinstated upon completion of the dispute resolution process for any amounts determined to be owing to Verizon. The amount of $1,846,386.75 awarded to Verizon by the Arbitration Award has thus been due and owing since at least June 30, 2006. Accordingly, this payment is overdue, and the Court should award Verizon interest under the Agreement of 1.5% per month on the amount of $1,846,386.75 from July 1, 2006, until the date the Judgment is satisfied.

25. In light of Respondent's repeated failure to abide by the terms of the Arbitration Award, which has necessitated filing this Motion to Confirm Arbitration Award, Movant respectfully submits that an award for its attorneys' fees, costs and disbursements in connection with this proceeding is appropriate. See Va. Code. Ann. § 8.01-581.012.

**Prayer for Relief**

Based on the foregoing, and the facts asserted in Movant's Complaint, Movant Verizon prays that this Court:

26. Enter an Order confirming the Arbitration Award, finding that Verizon has satisfied all its obligations under the Award, and directing Respondent to pay to Verizon the amount of $1,846,386.75;

27. Enter Judgment on the above Order;

28. Award Verizon interest under the Agreement of 1.5% per month on the amount of $1,846,386.75, from July 1, 2006 until the date the Judgment is satisfied;

29. Award Verizon its attorneys fees, costs, and disbursements in connection with this proceeding; and



      30.    Award any and all other additional relief that the Court deems just and proper.

Dated this 5th day of July, 2007.

Respectfully submitted,

VERIZON SERVICES CORP.

/s/ Timothy J. McEvoy (for)

Timothy J. McEvoy, VSB No. 33277
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
(703) 218-2149
(703) 218-2160 (Facsimile)

M. Evan Corcoran, Esq.
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
(202) 719-7000
(202) 719-7049 (Facsimile)

Counsel for Verizon Services Corp.

#825867v1

**VIRGINIA:**

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

FILED

2007 JUL -5 AM 11: 09

CLERK, CIRCUIT COURT
FAIRFAX, VA

| | |
|---|---|
| VERIZON SERVICES CORP., on behalf of the Verizon operating companies, specifically Verizon Virginia Inc., Verizon Maryland Inc., and Verizon Washington, DC Inc.<br>           *Movant,*<br><br>and<br><br>LIGHTWAVE COMMUNICATIONS, LLC,<br>           *Respondent.* | Case No. 2007 7982 |

## MOTION FOR LEAVE TO FILE PLEADINGS UNDER SEAL

Movant Verizon Services Corp. ("Verizon" or "Movant") hereby moves this Court for leave to file this Motion and the accompanying Motion to Confirm Arbitration Award, including all exhibits that will filed and attached thereto, under seal. In support of this Motion, Verizon states as follows:

### Parties

1. Verizon is a corporation organized and existing under the laws of the State of Delaware, has its principal place of business at 1310 North Court House Road Arlington, VA 22201 and conducts business throughout the Commonwealth of Virginia, including Fairfax County.

2. Lightwave Communications, LLC ("Lightwave" or "Respondent"), is a Delaware limited liability corporation, has its principal place of business at 14504 Greenview Drive, Suite 302, Laurel, Maryland 20708 and conducts business throughout the Commonwealth of Virginia.

9302 Lee Highway, Suite 1100 Fairfax, VA 22031-1214
703-218-2100



Odin
Feldman
Pittleman PC

the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), as modified by the Agreement.[1]

6. The Agreement expressly provides that judgment on an arbitrator's award may be entered in any court having jurisdiction over the parties.

7. Pursuant to the Agreement, on September 29, 2006, Respondent filed a demand for arbitration of the Billing Disputes with the AAA.

8. On October 19, 2006, Verizon filed a response, which included counterclaims as permitted by AAA Rule 4(b).

9. Pursuant to the Agreement and the applicable AAA rules and procedures, John A. Bonello, Esq. was chosen by the parties to arbitrate the claim.

10. At a hearing held over seven days between November, 2006, and January, 2007, at which both parties were represented by counsel, the Arbitrator heard evidence from both parties on fifty-nine separate issues. The evidence included numerous live witnesses and numerous exhibits bearing on the services provided by Verizon to Lightwave and the Billing Disputes.

11. On April 27, 2007, the Arbitrator issued a written award ("Arbitration Award") which ordered Verizon to issue certain credits to Lightwave and ordered Lightwave to pay Verizon $1,846,386.75.[2]

---

[1] Both the Agreement and the Arbitration Award are confidential documents containing commercially sensitive information. Both documents will be filed as exhibits to this Motion upon the Court's favorable disposition of Verizon's Motion for Leave to File Certain Pleadings Under Seal.

[2] We note that the total at the conclusion of the Arbitrator's Award Chart is $1,844,250.44 rather than $1,846,386.75. This is because, in totaling the individual awards, an amount of $2,136.31, which was awarded to Verizon was inadvertently applied to Lightwave's total instead of Verizon's total.



permitted herein, the Confidential Information received from the Disclosing Party using the same degree of care (but no less than commercially reasonable), as the Receiving Party uses to protect its own Confidential Information."

9. The Agreement further provides that "the Receiving Party may use and disclose Confidential Information received from the Disclosing Party to the extent necessary to enforce the Receiving Party's rights under this Agreement. In making any such disclosure, the Receiving Party shall make reasonable efforts to preserve the confidentiality and restrict the use of the Confidential Information while it is in the possession of any Person to whom it is disclosed, including by requesting any governmental entity to whom the Confidential Information is disclosed to treat it as confidential and restrict its use to purposes related to the proceeding pending before it."

10. The Agreement further provides that "except for the foregoing and except as otherwise provided in Sections 14 and 35.2, the terms of this Agreement may not be disclosed by either Party to any person or entity who is not a party to this Agreement."

11. The arbitration that is the subject of the accompanying Motion to Confirm Arbitration Award was conducted with all testimony and exhibits treated as confidential under the Agreement.

12. When presented as an exhibit in the arbitration that is the subject of the accompanying Motion to Confirm Arbitration Award, the Agreement was marked as confidential.

13. This is a private billing dispute between two commercial entities and the need to protect commercially and competitively sensitive pricing information and customer information far outweighs any public interest in disclosure of this information.



## Relief Sought

Based on the foregoing, Movant Verizon prays that this Court:

14.     Enter an Order directing that the commercial interests and contractual rights and obligations of both parties be protected by filing this Motion and the accompanying Motion to Confirm Arbitration Award, including all exhibits thereto, and all further documents submitted or issued in this proceeding, under seal.

Dated this 5th day of July, 2007.

Respectfully submitted,

VERIZON SERVICES CORP.
By Counsel

_____
Timothy J. McEvoy, VSB No. 33277
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
(703) 218-2149
(703) 218-2160 (Facsimile)

M. Evan Corcoran, Esq.
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
(202) 719-7000
(202) 719-7049 (Facsimile)

Counsel for Verizon Services Corp.



9302 Lee Highway, Suite 1100 Fairfax, VA 22031-1214
703-218-2100

4