

**Odin Feldman Pittleman** PC

**Timothy J. McEvoy**
Attorney at Law
Direct: 703-218-2149
tmcevoy@ofplaw.com

August 9, 2007

*Via Hand Delivery*

Mr. John T. Frey
Clerk of Court
Fairfax County Circuit Court
4110 Chain Bridge Road, Fifth Floor
Fairfax, Virginia 22030

   *Re: Verizon Services Corp. v. Lightwave Communications, LLC, Civil Case No. 7982*

Dear Mr. Frey:

   Enclosed please find Verizon Services Corp.'s Reply in Support of its Motion to Confirm Arbitration Award, which we ask be filed under Seal pursuant to the Consent Order submitted to the Court in this matter. We have placed the Reply in an envelope appropriately marked "SEALED DOCUMENT."

   Pursuant to Judge Smith's letter of July 24, 2007, a copy of this Reply Memorandum is being provided, also in a sealed envelope, to Ms. Sarah Bland, law clerk to Judge Marcus Williams.

   Thank you for your courtesy and attention to this matter.

                                        Very truly yours,

                                        Timothy J. McEvoy

cc:    Ms. Sarah Bland, Law Clerk
       Keith Buell, Esq.
       Andrew G. McBride, Esq.
       Andrew Klein, Esq.
       Malik Cutlar, Esq.

<u>**FILED UNDER SEAL**</u>

**Verizon Reply in Support of Verizon Motion to
Confirm Arbitration Award**

**Case No. 2007-7982**

**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

VERIZON SERVICES CORP., on behalf of the
Verizon operating companies, specifically Verizon
Virginia Inc., Verizon Maryland Inc., and Verizon
Washington, DC Inc.

*Movant,*

and

LIGHTWAVE COMMUNICATIONS, LLC,

*Respondent.*

Case No. 2007-7982

### VERIZON REPLY IN SUPPORT OF
### VERIZON MOTION TO CONFIRM ARBITRATION AWARD

Andrew G. McBride, Esq.
Admitted *pro hac vice*
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

Timothy J McEvoy, Esq.
Virginia Bar No. 33277
*Counsel for Verizon Services Corp.*
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
Telephone: (703) 218-2100
Facsimile: (703) 218-2160

## INTRODUCTION

At an arbitration hearing held over seven days between November, 2006, and January, 2007, at which both Verizon Services Corp. ("Verizon") and Lightwave Communications, LLC ("Lightwave") were represented by counsel, an arbitrator appointed under the auspices of the American Arbitration Association heard evidence from both parties on fifty-nine separate issues related to billing charges disputed by Lightwave. The evidence included numerous live witnesses and nearly two hundred exhibits bearing on the disputed charges. Both parties offered closing arguments and submitted fifty-page post-hearing briefs. After three months of deliberation, the arbitrator issued a written award on April 27, 2007 (the "Award"), which ordered Verizon to issue $1,078,623.81 in credits to Lightwave, ordered Lightwave to pay $1,846,386.75 to Verizon, and set a payment deadline of June 30, 2007.[1]

Verizon complied in full with the terms of the Award before the June 30, 2007 deadline and issued $1,078,623.81 in credits to Lightwave. Lightwave did not make any of its $1,846,386.75 payment by the deadline and made clear that it did not intend to comply with the Award. Unhappy with the result of the arbitration it brought, Lightwave suddenly discovered a host of alleged flaws in the arbitration process. These objections are nothing more than a stalling tactic—Lightwave knows it cannot meet the high standard to overturn an arbitration award under New York or Virginia law. But, having received Verizon's payments under the Award, Lightwave seeks to enjoy those benefits without living up to its side of the bargain and will do anything to delay a final judgment on the Award.

---

[1]    We note that the totals at the conclusion of the Arbitrator's Award Chart are $1,080,760.12 to Lightwave and $1,844,250.44 to Verizon, respectively, rather than $1,078,623.81and $1,846,386.75. This is because, in totaling the individual awards, an amount of $2,136.31, which was awarded to Verizon, was inadvertently applied to Lightwave's total instead of Verizon's total.

9302 Lee Highway, Suite 1100 Fairfax, VA 22031-1214
703-218-2100



Odin
Feldman
Pittleman PC

One such dilatory tactic has been to initiate a meritless secondary action in another jurisdiction. Two weeks after Verizon brought this action, Lightwave filed a motion in the Southern District of New York to confirm in part and vacate in part the Award—something Lightwave pointedly omitted to inform Verizon or this Court it intended to do when both parties appeared by telephone before Chief Judge Dennis J. Smith to set a briefing schedule for this proceeding on July 18, 2007. Only one day after participating in the scheduling conference, Lightwave filed a fifty-six page motion in the Southern District of New York regarding the same Award.

Having properly brought its Motion to Confirm Arbitration Award before this Court,[2] and Lightwave having established no statutory ground for denying confirmation of the Award, Verizon respectfully requests that this Court confirm and enter judgment upon the Award so that it may begin to collect the long-overdue amounts owed by Lightwave.

## ARGUMENT

### I.   AN ARBITRATION AWARD MUST BE CONFIRMED UNLESS THE PARTY CHALLENGING THE AWARD SATISFIES THE EXTREMELY NARROW AND STRINGENT REQUIREMENTS FOR VACATUR.

This Court should enter judgment confirming the Award because Lightwave has not provided any reason to vacate the award that satisfies the stringent standards for vacating an arbitration award. *See Wien & Malkin LLP v. Helmsley-Spear, Inc.*, 846 N.E.2d 1201, 1206 (N.Y. 2006) ("It is well settled that judicial review of arbitration awards is extremely limited. ...

---

2        Although Lightwave suggests that there was something improper about Verizon's decision to seek prompt vindication of its rights by filing this action before the 90-day period in which a party may challenge an arbitration award had run, there is no legal barrier to filing a motion to confirm an award at any time after the date of the award. *See* N.Y. C.P.L.R. § 7510 ("The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511."); Va. Code Ann. § 8.01-581.09 ("Upon application of a party *any time after an award is made*, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award . . .") (emphasis added). Verizon's motion to confirm the Award did not preclude Lightwave

9302 Lee Highway, Suite 1100 Fairfax, VA 22031-1214
703-218-2100



Odin
Feldman
Pittleman PC

Indeed, we have stated time and again that an arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice.") (internal citations omitted); *see also Carpenter Landscape Serv., Inc. v. Fort Myer Constr. Corp.*, 39 Va. Cir. 390, 391 (Fairfax County 1996) ("The standard of review when affirming an arbitration award is whether the arbitration award is unconscionable or against public policy, or whether there is a gross miscarriage of justice under the circumstances.") (citation omitted); 9 U.S.C. §§ 10 (setting out only authorized grounds for vacating an arbitrator's award); N.Y. C.P.L.R. § 7511 (parallel provision under New York law); Va. Code Ann. §§ 8.01-581.010 (parallel provision under Virginia law).[3]

New York courts interpreting the Federal Arbitration Act ("FAA") and New York law have consistently admonished that "since one of the fundamental purposes of resorting to arbitration is ... to reduce the cost and delay frequently encountered in the courts, our role must be a limited one if it is not to frustrate that objective." *Catz Amer. Co. v. Pearl Grange Fruit Exch., Inc.*, 292 F. Supp. 549, 551 (S.D.N.Y. 1968) (citation omitted); *see also Lackman v. Long & Foster Real Estate, Inc.*, 266 Va. 20, 25, 580 S.E. 2d. 818, 821 (2003) ("[W]hether an arbitration panel applies the contract between the parties in a manner consistent with its terms is not a matter for consideration by the trial court or this Court when reviewing an arbitration award."). To that end, courts exercise *extraordinary restraint* in their review of motions to

from filing a counter-motion to modify or vacate the Award during the 90-day period and does not affect this Court's authority to confirm the Award now that the 90-day period has expired.

[3]    Although the parties contractually agreed that this action would be governed by the laws of the United States and New York law, this reply will cite parallel provisions of Virginia Law for the convenience of this Court. See *Va. E. Co. v. N.C. Monroe Constr. Co.*, 56 Va. Cir. 220, 221 (City of Salem 2001) (noting that "[t]he 'statutory grounds' . . . contained in the Federal Arbitration Act, *9 U.S.C. §§ 10 et seq.*, are similar to those in the Virginia Uniform Arbitration Act") (footnote omitted).



confirm, and an arbitration award carries a strong presumption of validity. *See Catz*, 292 F. Supp. at 551 (holding that "an arbitration award should be upset only with great hesitation") (internal quotation marks omitted); *The Hartbridge*, 62 F.2d 72, 73 (2d Cir. 1932) ("Where the merits of a controversy are referred to an arbitrator selected by the parties, his determination, either as to the law or the facts, is final and conclusive.") (quotation omitted); *see also Va. E. Co. v. N.C. Monroe Constr. Co.*, 56 Va. Cir. 220, 223 (City of Salem 2001) (A party "is confronted, in [its] task to set aside the award, with (a) the conclusive and binding effect of the award, (b) the presumption of law in its favor and (c) with the burden of proving convincingly [that the arbitrators exceeded their powers or refused to hear material evidence].") (quotation omitted).

Indeed, extensive case law provides that even erroneous decisions by an arbitrator—and the Award here is in no way erroneous—are not subject to review on a motion to confirm or vacate. *See Richardson & Sons, Ltd., v. W.E. Hedger Transp. Corp.*, 98 F.2d 55, 57 (2d Cir. 1938) ("This court is without power to amend or overrule merely because of disagreement with matters of law or facts determined by the arbitrators."); *Commercial Solvents Corp. v. La. Liquid Fertilizer Co.*, 20 F.R.D. 359, 362 (S.D.N.Y. 1957) (holding that "whether [an arbitrator] misconstrued a contract is not open to judicial review" and "errors of judgment on the part of arbitrators are an arbitration risk") (citation omitted); *see also Lackman*, 266 Va. at 25, 580 S.E. 2d at 821 ("[W]hether an arbitration panel applies the contract between the parties in a manner consistent with its terms is not a matter for consideration by the trial court or this Court when reviewing an arbitration award.") (quotation omitted).

Finally, both Verizon and Lightwave agreed to an arbitration clause that expressly waived any statement of reasons by the arbitrator. As a result, the Award is merely a set of dollar amounts associated with particular billing accounts. There is thus (by the parties' own

9302 Lee Highway, Suite 1100, Fairfax, VA 22031-1214
703-218-2100



choice) virtually nothing to review in the Award.    *See Ballantine Books, Inc. v. Capital Distributing Co.*, 302 F.2d 17, 22 (2d Cir. 1962)  ("[I]t is not for a reviewing court to look behind a lump-sum arbitration award.").

## II.    LIGHTWAVE DOES NOT, AND CANNOT, ESTABLISH ANY GROUNDS TO DENY CONFIRMATION OF THE AWARD.

Chief Judge Smith granted Lightwave twenty pages in which to argue that the Award should not be confirmed.    Lightwave chose to submit an eleven-page Memorandum in Opposition to Verizon's Motion to Confirm Arbitration Award ("Lightwave Opposition") that does not address the merits of why the Award should not be confirmed.    The sum total of Lightwave's argument on the merits is a vague and factually unsupported claim that "portions of the Award ... suffer from very substantial defects, warranting vacatur under the Federal Arbitration Act," Lightwave Opp. at 2, and a request that this Court incorporate by reference into Lightwave's twenty-page-limited Opposition a fifty-six page motion filed by Lightwave in New York federal district court two weeks after the initiation of this action, *see id.* at 11 n.32.[4] Because Lightwave fails to offer, let alone establish, a single legal ground as to why the Award should not be confirmed, Verizon's Motion must be granted.

## III.    THIS COURT HAS JURISDICTION OVER THIS ACTION AND VENUE IS PROPER IN VIRGINIA.

In lieu of addressing the merits of Verizon's Motion to Confirm Arbitration Award, Lightwave elected to launch several frivolous attacks on this Court's authority to resolve this action.    Specifically, Lightwave claims that: (1) the matter is "properly venued in federal court in

---

[4]    Verizon respectfully requests that this Court reject Lightwave's purported "incorporation" of a fifty-six page motion filed in another court (the "Lightwave SDNY Motion") as grossly in excess of Chief Judge Smith's order specifying a twenty page limit for Lightwave's response.  The Lightwave SDNY Motion is not an exhibit or factual affidavit; it is pure argument of counsel and to accept it would be to allow parties to ignore the strict page limits set by Chief Judge Smith.



- 5 -

New York," *id.* at 6; (2) this action should be reviewed in federal court, *id.* at 8, and; (3) the award cannot be enforced in this Court while Lightwave is challenging it in federal court, *id.* at 10. None of these claims stands up to scrutiny.

*First*, Lightwave repeatedly and misleadingly asserts that both parties agreed to an exclusive venue in New York for this proceeding. Lightwave's argument, however, is contradicted by the plain language of the contract Lightwave quotes in support of its argument. The Wholesale Advantage Services Agreement ("Wholesale Agreement"), which governs this dispute, states that "Verizon and Lightwave each irrevocably consents to the personal and subject matter jurisdiction of the courts located in the Borough of Manhattan, State of New York to the extent necessary to give effect to or to enforce the provisions of this Agreement, and waives any defense of lack of jurisdiction, improper venue or inconvenient forum." Lightwave Opp. at 6 (quoting the Wholesale Agreement § 8).

As the text itself makes clear, this provision merely makes the Borough of Manhattan an appropriate venue—not the exclusive venue—for the resolution of disputes under the Wholesale Agreement. Just because a party consents to jurisdiction in a given location, it does not follow that that party waives jurisdiction in all other locations. Indeed, Lightwave's claim is undermined by another provision in the same section of the Wholesale Agreement, which states that "[j]udgment on the award rendered by the arbitrator may be entered in *any* court having jurisdiction over the parties." Wholesale Agreement § 18 (emphasis added). As described in greater detail in Verizon's Motion to Confirm Arbitration Award, both parties do substantial business in Virginia and there is no dispute that this Court has jurisdiction over them. Venue is also proper under Va. Code Ann. § 8.01-262(3), as directed by Va. Code Ann. § 8.01-581.015.

9302 Lee Highway, Suite 1100 Fairfax, VA 22031-1214
703-218-2100



Odin
Feldman
Pittleman PC

- 6 -

*Second*, contrary to Lightwave's assertion, no federal court, including the Southern District of New York, has subject matter jurisdiction over this action. In light of this fact, Verizon filed a Motion to Dismiss Lightwave's action in the Southern District in New York for lack of subject matter jurisdiction on August 2, 2007. Because both parties are incorporated in Delaware, there is no diversity of citizenship that would support federal jurisdiction under 28 U.S.C. § 1332. For the federal courts to have jurisdiction over this action, then, it must satisfy the requirements for federal question jurisdiction under 28 U.S.C. § 1331.

Lightwave's attempt to convert this action into a federal question by noting that "[r]eview of the Award is governed by the Federal Arbitration Act, and turns on questions of Federal law," Lightwave Opp. at 8, is unavailing. This case involves the confirmation of an arbitration award that arose out of a contractual dispute over the provision of, and billing and payment for, certain telephone services in Virginia, Maryland, and the District of Columbia. Any motion to confirm or vacate the Award turns solely on the application of the extremely narrow grounds for confirming or vacating an arbitration award under New York state law or the FAA, which, despite being a federal statute, does not itself confer federal jurisdiction.[5]

*Finally*, Lightwave argues that this Court does not have the authority to confirm the Award while its subsequently-filed action is pending in the Southern District of New York. That action is very likely to be dismissed for lack of subject matter jurisdiction. In addition, this action was first-filed, Lightwave has participated in this action through counsel, and this action is

---

[5]    It is black letter law that the FAA alone does not confer federal jurisdiction, *see, e.g.*, *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263 (2d Cir. 1996), amended opinion reported at No. 96-7257, 1996 U.S. App. LEXIS 35571, at *15 (2d Cir. Nov. 7, 1996) ("[A]lthough a number of provisions in the FAA refer to the 'United States court' in a manner that suggests a bestowal of jurisdiction (*e.g.*, FAA §§ 7, 9, 10, 11), these provisions have not been interpreted to confer jurisdiction on the federal courts.") (citing *Drexel Burnham Lambert, Inc. v. Valenzuela Bock*, 696 F. Supp. 957, 960-61 (S.D.N.Y. 1988) (collecting cases)).



9302 Lee Highway, Suite 1100  Fairfax, VA 22031-1214
703-218-2100

Odin
Feldman
Pittleman PC

substantially more advanced on the merits than the New York action.[6]  It is clear that all

Lightwave seeks is delay of its obligation to pay—a tactic this Court should not countenance.

## IV.    THE AWARD UNAMBIGUOUSLY ORDERS LIGHTWAVE TO PAY VERIZON $1,846,386.75.

The Award is clear, and the lump sum figures awarded to each party admit of no

ambiguity.  Under the Award, Verizon was ordered to issue Lightwave $1,078,623.81 in credits

and Lightwave was ordered to pay Verizon $1,846,386.75.  There are no grounds for Lightwave

to argue otherwise, as the arbitrator—following the provisions of the Wholesale Agreement—did

not provide any reasons for his individual awards on each of the fifty-nine disputed issues.

Verizon should not have to address in a ten-page reply, arguments purportedly

incorporated by reference to a fifty-six page Memorandum of Law.  *See supra* note 4.  However,

even if this Court considers the arguments made in Lightwave's SDNY Motion, Lightwave still

does not come close to surmounting the exceptionally high bar to overturning an arbitration

award.  *See supra* Section I; *Wien & Malkin*, 846 N.E.2d at 1206; *Catz*, 292 F. Supp. at 551.

Lightwave's SDNY Motion has two main themes: the first is an attempt to reargue every

disputed issue in which the arbitrator ruled against Lightwave; the second is to obfuscate the

terms of a simple award that reads like a straightforward item-by-item balance sheet.  *First,*

Lightwave offers every conceivable objection to those portions of the Award—and, notably, only

those portions of the Award—in which the arbitrator determined Lightwave owed money to

Verizon.[7]  Lightwave attempts to reargue highly complex and technical issues that were

---

[6]    While this Court is scheduled to hear Verizon's Motion to Confirm on August 17, the Southern District of New York has so far only scheduled a hearing on Verizon's Motion to Dismiss that action, which will take place on August 30, 2007.

[7]    Verizon will not waste this Court's time addressing the most outlandish claims of Lightwave's SDNY Motion—that the award "was procured through fraud and/or undue means," that "the arbitrator engaged in misbehavior prejudicial to Lightwave," or that the awards to Lightwave "should be vacated for their manifest

9302 Lee Highway, Suite 1100, Fairfax, VA 22031-1214
703-218-2100


Odin
Feldman
Pittleman PC

previously argued at great length and in painstaking detail before the arbitrator, despite extensive case law prohibiting a party from relitigating questions of fact or law settled in arbitration. *See Catz*, 292 F. Supp. at 551 (holding that a party cannot base its challenge to an award on "conclusions and characterizations of the type frequently voiced by disappointed litigants" or "attempt[] to reargue the facts that were before the arbitrators"); *see also Signal Corp. v. Keane Fed. Sys., Inc.*, 265 Va. 38, 46, 574 S.E. 2d 253, 257 (2003) ("[A]n allegation that the arbitrators have exceeded their powers must be carefully evaluated in order to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrators' decision.") (quotation omitted); *N.C. Monroe Constr. Co.*, 56 Va. Cir. at 223 ("[A] court cannot treat a motion to vacate an arbitration award as an invitation to revisit reams of evidence.").

The arbitrator had the benefit of seven days of hearings, at which both parties were represented by counsel and had an opportunity to present and cross-examine witnesses, submit nearly two hundred exhibits, present closing arguments, and submit fifty-page post-hearing briefs addressing the fifty-nine separate issues in dispute. In some cases, the arbitrator found in Lightwave's favor, in some cases he found in Verizon's favor, and in some cases he made partial awards to both parties. *See* Award Chart accompanying the Award. Those awards are final. *See The Hartbridge*, 62 F.2d at 73.

*Second*, Lightwave mounts a quixotic effort to complicate a straightforward lump sum award of cash and credits to the respective parties. The Award states that it conclusively resolved all the billing disputes between Lightwave and Verizon that were the subject of the arbitration in the amounts specified on the Award Chart attached to the Award. The Award further states that all claims not expressly granted in the Award are denied. Despite this

---

disregard of the law and violation of public policy." These claims are flatly erroneous, frivolous, and unworthy of response.

9302 Lee Highway, Suite 1100 Fairfax, VA 22031-1214
703-218-2100



unambiguous language, Lightwave alleges that certain amounts not awarded to Lightwave by the Award or allotted to either party in the Award Chart should be credited to Lightwave by implication, or by some complicated form of default. Such *implications* are the antithesis of the Award's clear instruction that claims not *expressly* granted to one party or the other, are denied.

Some claims or amounts are not explicitly addressed in the Award Chart simply because the arbitrator considered them and chose to deny them. They are thus moot for purposes of the Award and do not affect the bottom line in this case. The arbitrator took three months to consider both parties' positions and deliberately made the awards set out in the Award Chart— and only those awards set out in the Award Chart. All other claims he denied, as he unambiguously stated in the Award. That Lightwave disagrees with some of the arbitrator's decisions, or wishes the arbitrator had not summarily denied some its claims without expressly noting them, are not grounds for second-guessing the arbitrator's decision. *See Richardson & Sons*, 98 F.2d at 57 ("The arbitrators, for reasons deemed sufficient to them, made the awards as indicated. This court is without power to amend or overrule merely because of disagreement with matters of law or facts determined by the arbitrators. Their award is final and binding.").

## CONCLUSION

Having initiated this arbitration, Lightwave now runs from the unfavorable portions of the arbitrator's award. And having received the benefit of extensive due process, Lightwave now demands a lengthy and detailed relitigation in this Court of the technical questions settled in the arbitration. The extremely deferential standard for review of an arbitration award, however, forecloses Lightwave's attempt to further avoid its payment obligations. Accordingly, based on the facts asserted in Verizon's Motion to Confirm Arbitration Award, and Lightwave's failure to offer any credible response, Verizon respectfully requests that this Court grant its Motion.



9302 Lee Highway, Suite 1100 Fairfax, VA 22031-1214
703-218-2100

Respectfully submitted,

By: _____
Andrew G. McBride, Esq.
Admitted *pro hac vice*
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

Timothy J McEvoy, Esq.
Virginia Bar No. 33277
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
Telephone: (703) 218-2100
Facsimile: (703) 218-2160

*Counsel for Verizon Services Corp.*

Dated this 9th day of August, 2007.

9302 Lee Highway, Suite 1100  Fairfax, VA 22031-1214
703-218-2100

Odin
Feldman
Pittleman PC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first-class United States mail, postage prepaid, and by email this 9th day of August, 2007, to:

Seth C. Berenzweig, Esq.
Malik K. Cutlar, Esq.
Albo & Oblon, LLP
2200 Clarendon Boulevard, Suite 1201
Arlington, Virginia 22201
Counsel for Respondent

Andrew M. Klein, Esq.
The Klein Law Group, PLLC
4800 Montgomery Lane, Suite 700
Bethesda, Maryland 20714
Counsel for Respondent

_____
Timothy J. McEvoy

9302 Lee Highway, Suite 1100  Fairfax, VA 22031-1214
703-218-2100

Odin
Feldman
Pittleman PC