intercarrier compensation mechanism for Internet traffic, any reasonable amount of time permitted for adopting such provisions has expired under the FCC's rules implementing section 252(i) of the Act.[3] In fact, the *FCC Remand Order* made clear that carriers may not adopt provisions of an existing interconnection agreement to the extent that such provisions provide compensation for Internet Traffic.[4]

5. Lightwave's adoption of the Verizon Virginia Terms pursuant to the Merger Conditions is subject to all of the provisions of such Merger Conditions. Please note that the Merger Conditions exclude the following provisions from the interstate adoption requirements: state-specific pricing, state-specific performance measures, provisions that incorporate a determination reached in an arbitration conducted in the relevant state under 47 U.S.C. Section 252 and provisions that incorporate the results of negotiations with a state commission or telecommunications carrier outside of the negotiation procedures of 47 U.S.C. Section 252(a)(1). Verizon, however, does not oppose Lightwave's adoption of the Verizon Virginia Terms at this time, subject to the following reservations and exclusions:

   (A) Verizon's standard pricing schedule for interconnection agreements in Maryland (as such schedule may be amended from time to time) (attached as Appendix 2 hereto), which includes (without limitation) rates for reciprocal compensation, shall apply to Lightwave's adoption of the Verizon Virginia Terms Lightwave should note that the aforementioned pricing schedule may contain rates for certain services the terms for which are not included in the Verizon Virginia Terms or that are otherwise not part of this adoption. In an effort to expedite the adoption process, Verizon has not deleted such rates from the pricing schedule. However, the inclusion of such rates in no way obligates Verizon to provide the subject services and in no way waives Verizon's rights under the Merger Conditions.

   (B) Lightwave's adoption of the Verizon Virginia Terms shall not obligate Verizon to provide any interconnection arrangement or unbundled network element unless it is feasible to provide given the technical, network and Operations Support Systems attributes and limitations in, and is consistent with the laws and regulatory requirements of the State of Maryland and with applicable collective bargaining agreements.

   (C) Nothing herein shall be construed as or is intended to be a concession or admission by Verizon that any provision in the Verizon Virginia Terms

---

[3] *See, e.g.*, 47 C.F.R. Section 51.809(c). These rules implementing section 252(i) of the Act apply to interstate adoptions under the Merger Conditions as well. *See, e.g.*, Merger Conditions ¶32 (such adoptions shall be made available "under the same rules that would apply to a request under 47 U.S.C. Section 252(i)").

[4] *FCC Remand Order* ¶82.

      complies with the rights and duties imposed by the Act, the decisions of the FCC and the Commissions, the decisions of the courts, or other law, and Verizon expressly reserves its full right to assert and pursue claims arising from or related to the Verizon Virginia Terms.

  (D)    Terms, conditions and prices contained in tariffs cited in the Verizon Virginia Terms shall not be considered negotiated and are excluded from Lightwave's adoption.

  (E)    Lightwave's adoption does not include any terms that were arbitrated in the Verizon Virginia Terms.

6.    Verizon reserves the right to deny Lightwave's adoption and/or application of the Verizon Virginia Terms, in whole or in part, at any time:

  (A)    when the costs of providing the Verizon Virginia Terms to Lightwave are greater than the costs of providing them to [foreign CLEC];

  (B)    if the provision of the Verizon Virginia Terms to Lightwave is not technically feasible; and/or

  (C)    if the Verizon Virginia Terms were negotiated between Lightwave and Verizon Virginia on or before June 30, 2000; and/or

  (D)    if Verizon otherwise is not obligated to permit such adoption and/or application under the Merger Conditions or under applicable law.

7.    Should Lightwave attempt to apply the Verizon Virginia Terms in a manner that conflicts with paragraphs 3-6 above, Verizon reserves its rights to seek appropriate legal and/or equitable relief.

In the event that a voluntary or involuntary petition has been or is in the future filed against Lightwave under bankruptcy or insolvency laws, or any law relating to the relief of debtors, readjustment of indebtedness, debtor reorganization or composition or extension of debt (any such proceeding, an "Insolvency Proceeding"), then: (i) all rights of Verizon under such laws, including, without limitation, all rights of Verizon under 11 U.S.C. § 366, shall be preserved, and Lightwave's adoption of the Verizon Virginia Terms shall in no way impair such rights of Verizon; and (ii) all rights of Lightwave resulting from Lightwave's adoption of the Verizon Virginia Terms shall be subject to and modified by any Stipulations and Orders entered in the Insolvency Proceeding, including, without limitation, any Stipulation or Order providing adequate assurance of payment to Verizon pursuant to 11 U.S.C. § 366.

## SIGNATURE PAGE

Please arrange for a duly authorized representative of Lightwave to sign this letter in the space provided below and return it to Verizon.

Sincerely,

VERIZON MARYLAND INC.

Jeffrey A. Masoner
Vice President – Interconnection Services Policy & Planning

Reviewed and countersigned as to points A, B, C, and D of paragraph 1:

LIGHTWAVE COMMUNICATIONS, LLC

By MARK J. Fucigliano

Title COO

Attachment

c:   Liz Hickey – Verizon (w/out attachments)



**David A. Hill**
Vice President & General Counsel

1710 H Street, NW, 11th Floor
Washington, DC 20006

Phone 202 392-5296
Fax 202 887-9195
david.a.hill@verizon.com

August 28, 2003

**HAND DELIVERY**
Sanford M. Speight, Esquire
Acting Secretary
Public Service Commission
 of the District of Columbia
1333 H Street NW
Second Floor, West Tower
Washington, DC 20005

    Re:    **Interconnection Agreement Between Verizon Washington, DC Inc. and Lightwave Communications, LLC**

Dear Mr. Speight:

    Verizon Washington, DC Inc. ("Verizon DC") submits for filing the attached interstate adoption dated July 30, 2003 by Lightwave Communications, LLC ("Lightwave") of the Interconnection Agreement between Lightwave and Verizon South Inc. f/k/a GTE South Incorporated ("Verizon Virginia") entered into pursuant to the Memorandum Opinion and Order of the Federal Communications Commission ("FCC") in CC Docket No. 98-184, at ¶ 305 and Appendix D ¶32 (rel. June 16, 2000)[1]. A copy of the underlying Agreement is also attached. The Verizon Virginia Interconnection Agreement was approved in accordance with § 252(e) of the Telecommunications Act of 1996 (the "Act") by the Virginia State corporation Commission on November 8, 2002 in Docket No. 2002-00195.

    Lightwave is certified to provide telecommunications services in the District of Columbia and its contact is:
        Mark Ricigliano, Chief Executive Officer
        14504 Greenview Drive, Suite 302
        Laurel, Maryland 20708
        Phone: 301-953-9031
        Fax:    301-953-2454

068437

---

[1] This agreement with Lightwave LLC is separate from the agreement approved on March 10, 2003 in Formal Case No. TIA 02-29 with Lightwave Inc. Lightwave LLC and Lightwave Inc. are two separate legal entities.

Sanford M. Speight, Esquire
August 26, 2003
Page 2

      As advised in the Public Service Commission of the District of Columbia's Order No. 11326, dated February 3, 1999, this letter also provides notice to all parties appearing on the service lists for Formal Case No. 956, Formal Case No. 967, Telephone Interconnection Agreements ("TIA") 99, TIA 00, TIA 01, TIA 02, and TIA 03. For any party on the attached service lists that would like a copy of this filing, please call Angela Bushnell on 202-434-9121.

      If you have any questions regarding this matter, please feel free to call me.

                                    Respectfully submitted,

                                    David A. Hill
                                    Vice President & General Counsel

Enclosures

cc:    Mark Ricigliano, Lightwave
       Elizabeth A. Noël, Esquire, People's Counsel
       Formal Case Nos. 956, 967 and TIAs 99, 00, 01, 02 & 03 Service Lists – Letter Only

002438

Jeffrey A. Masoner
Vice President
Interconnection Services Policy and Planning
Wholesale Marketing



2107 Wilson Boulevard
Arlington, VA  22201

Phone 703 974-4610
Fax 703 974-0314
jeffrey.a.masoner@verizon.com

July 23, 2003

Mark Ricigliano
Chief Executive Officer
Lightwave Communications, LLC
14504 Greeview Drive, Suite 302
Laurel, Maryland 20708

Re: Requested Adoption Under the FCC Merger Conditions

Dear Mr. Ricigliano:

Verizon Washington, DC Inc. ("Verizon"), a New York corporation with its principal place of business at 1710 H Street NW, Washington, DC 20006, has received your letter stating that, pursuant to paragraph 31(a) of the BA/GTE Merger Conditions ("Merger Conditions"), released by the FCC on June 16, 2000 in CC Docket No. 98-184, Lightwave Communications, LLC ("Lightwave"), a Delaware Limited Liability Corporation with its principal place of business at 14504 Greeview Drive, Suite 302, Laurel, Maryland 20708, wishes to provide services to customers in Verizon's service territory in the District of Columbia by adopting the voluntarily negotiated terms of the Interconnection Agreement between Lightwave Communications LLC("Lightwave") and Verizon South Inc. f/k/a GTE South Incorporated ("Verizon Virginia") that was approved by the Virginia State Corporation Commission as an effective agreement in the Commonwealth of Virginia , as such agreement exists on the date hereof after giving effect to operation of law (the "Verizon Virginia Terms").

I understand that Lightwave has a copy of the Verizon Virginia Terms which, in any case, are attached hereto as Appendix 1. Please note the following with respect to Lightwave's adoption of the Verizon Virginia Terms.

1. By Lightwave's countersignature on this letter, Lightwave hereby represents and agrees to the following four points:

002439

(A) Lightwave agrees to be bound by and adopts in the service territory of Verizon, the Verizon Virginia Terms, as they are in effect on the date hereof after giving effect to operation of law, and in applying the Verizon Virginia Terms, agrees that references to Lightwave Communications, LLC and Lightwave in the Verizon Virginia Terms shall apply for this adoption as well as for the underlying agreement.

(B) Notice to Lightwave and Verizon as may be required or permitted under the Verizon Virginia Terms shall be provided as follows:

To Lightwave:

> Attention: Mark Ricigliano
> Chief Executive Officer
> 14504 Greeview Drive, Suite 302
> Laurel, Maryland 20708
> Telephone Number: (301) 953-9031
> Facsimile Number: (301) 953-2454
> Internet Address: mricigliano@lightwavecomm.net

To Verizon:

> Director-Contract Performance & Administration
> Verizon Wholesale Markets
> 600 Hidden Ridge, HQEWMNOTICES.
> Irving, TX 75038
> Telephone Number: 972/718-5988
> Facsimile Number: 972/719-1519
> Internet Address: wmnotices@verizon.com

with a copy to:

> Vice President and Associate General Counsel
> Verizon Wholesale Markets
> 1515 North Court House Road, Suite 500
> Arlington, VA 22201
> Facsimile: 703/351-3664

(C) Lightwave represents and warrants that it is a certified provider of local telecommunications service in the District of Columbia, and that its adoption of the Verizon Virginia Terms will only cover services in the service territory of Verizon in the District of Columbia.

(D) In the event an interconnection agreement between Verizon and Lightwave is currently in effect in the District of Columbia (the "Original ICA"), this adoption shall be an amendment and restatement of the operating terms and conditions of the Original ICA, and shall replace in their entirety the terms of the Original ICA. This adoption is not intended

to be, nor shall it be construed to create, a novation or accord and satisfaction with respect to the Original ICA. Any outstanding payment obligations of the parties that were incurred but not fully performed under the Original ICA shall constitute payment obligations of the parties under this adoption.

2. Lightwave's adoption of the Verizon Virginia Terms shall become effective on July 30, 2003. Verizon shall file this adoption letter with the District of Columbia Public Service Commission ("Commission") promptly upon receipt of an original of this letter, countersigned by an authorized officer of Lightwave. The term and termination provisions of the Lightwave/Verizon Virginia agreement shall govern Lightwave's adoption of the Verizon Virginia Terms. Lightwave's adoption of the Verizon Virginia Terms is currently scheduled to expire on August 6, 2004.

3. As the Verizon Virginia Terms are being adopted by Lightwave pursuant to the Merger Conditions, Verizon does not provide the Verizon Virginia Terms to Lightwave as either a voluntary or negotiated agreement. The filing and performance by Verizon of the Verizon Virginia Terms does not in any way constitute a waiver by Verizon of any position as to the Verizon Virginia Terms or a portion thereof. Nor does it constitute a waiver by Verizon of any rights and remedies it may have to seek review of the Verizon Virginia Terms, or to seek review of any provisions included in these Verizon Virginia Terms as a result of Lightwave's election pursuant to the Merger Conditions.

4. For avoidance of doubt, please note that adoption of the Verizon Virginia Terms will not result in reciprocal compensation payments for Internet traffic. Verizon has always taken the position that reciprocal compensation was not due to be paid for Internet traffic under section 251(b)(5) of the Act. Verizon's position that reciprocal compensation is not to be paid for Internet traffic was confirmed by the FCC in the Order on Remand and Report and Order adopted on April 18, 2001 ("*FCC Remand Order*"), which held that Internet traffic constitutes "information access" outside the scope of the reciprocal compensation obligations set forth in section 251(b)(5) of the Act.[1] Accordingly, compensation for Internet traffic – if any – is governed by the terms of the *FCC Remand Order*, not pursuant to adoption of the Verizon Virginia Terms.[2] Moreover, in light of the *FCC Remand Order*, even if the Verizon Virginia Terms include provisions invoking an intercarrier compensation mechanism for Internet traffic, any reasonable amount

---

[1] Order on Remand and Report and Order, In the Matters of: Implementation of the Local Competition Provisions in the Telecommunications Act of 1996 and Intercarrier Compensation for ISP-Bound Traffic, CC Docket No. 99-68 (rel. April 27, 2001) ("*FCC Remand Order*") ¶44, *remanded*, *WorldCom, Inc. v. FCC*, No. 01-1218 (D.C. Cir. May 3, 2002). Although the D.C. Circuit remanded the *FCC Remand Order* to permit the FCC to clarify its reasoning, it left the order in place as governing federal law. *See WorldCom, Inc. v. FCC*, No. 01-1218, slip op. at 5 (D.C. Cir. May 3, 2002).

[2] For your convenience, an industry letter distributed by Verizon explaining its plans to implement the *FCC Internet Order* can be viewed at Verizon's Customer Support Website at URL www.verizon.com/wise (select Verizon East Customer Support, Business Resources, Customer Documentation, Resources, Industry Letters, CLEC, May 21, 2001 Order on Remand).

of time permitted for adopting such provisions has expired under the FCC's rules implementing section 252(i) of the Act.[3] In fact, the *FCC Remand Order* made clear that carriers may not adopt provisions of an existing interconnection agreement to the extent that such provisions provide compensation for Internet Traffic.[4]

5. Lightwave's adoption of the Verizon Virginia Terms pursuant to the Merger Conditions is subject to all of the provisions of such Merger Conditions. Please note that the Merger Conditions exclude the following provisions from the interstate adoption requirements: state-specific pricing, state-specific performance measures, provisions that incorporate a determination reached in an arbitration conducted in the relevant state under 47 U.S.C. Section 252 and provisions that incorporate the results of negotiations with a state commission or telecommunications carrier outside of the negotiation procedures of 47 U.S.C. Section 252(a)(1). Verizon, however, does not oppose Lightwave's adoption of the Verizon Virginia Terms at this time, subject to the following reservations and exclusions:

   (A) Verizon's standard pricing schedule for interconnection agreements in the District of Columbia (as such schedule may be amended from time to time) (attached as Appendix 2 hereto), which includes (without limitation) rates for reciprocal compensation, shall apply to Lightwave's adoption of the Verizon Virginia Terms. Lightwave should note that the aforementioned pricing schedule may contain rates for certain services the terms for which are not included in the Verizon Virginia Terms or that are otherwise not part of this adoption. In an effort to expedite the adoption process, Verizon has not deleted such rates from the pricing schedule. However, the inclusion of such rates in no way obligates Verizon to provide the subject services and in no way waives Verizon's rights under the Merger Conditions.

   (B) Lightwave's adoption of the Verizon Virginia Terms shall not obligate Verizon to provide any interconnection arrangement or unbundled network element unless it is feasible to provide given the technical, network and Operations Support Systems attributes and limitations in, and is consistent with the laws and regulatory requirements of the District of Columbia and with applicable collective bargaining agreements.

   (C) Nothing herein shall be construed as or is intended to be a concession or admission by Verizon that any provision in the Verizon Virginia Terms complies with the rights and duties imposed by the Act, the decisions of

---

[3] *See, e.g.*, 47 C.F.R. Section 51.809(c). These rules implementing section 252(i) of the Act apply to interstate adoptions under the Merger Conditions as well. *See, e.g.*, Merger Conditions ¶32 (such adoptions shall be made available "under the same rules that would apply to a request under 47 U.S.C. Section 252(i)").

[4] *FCC Remand Order* ¶82.

the FCC and the Commissions, the decisions of the courts, or other law, and Verizon expressly reserves its full right to assert and pursue claims arising from or related to the Verizon Virginia Terms.

(D) Terms, conditions and prices contained in tariffs cited in the Verizon Virginia Terms shall not be considered negotiated and are excluded from Lightwave's adoption.

(E) Lightwave's adoption does not include any terms that were arbitrated in the Verizon Virginia Terms.

6. Verizon reserves the right to deny Lightwave's adoption and/or application of the Verizon Virginia Terms, in whole or in part, at any time:

(A) when the costs of providing the Verizon Virginia Terms to Lightwave are greater than the costs of providing them to Lightwave;

(B) if the provision of the Verizon Virginia Terms to Lightwave is not technically feasible; and/or

(C) if the Verizon Virginia Terms were negotiated between Lightwave and Verizon Virginia on or before June 30, 2000; and/or

(D) if Verizon otherwise is not obligated to permit such adoption and/or application under the Merger Conditions or under applicable law.

7. Should Lightwave attempt to apply the Verizon Virginia Terms in a manner that conflicts with paragraphs 3-6 above, Verizon reserves its rights to seek appropriate legal and/or equitable relief.

In the event that a voluntary or involuntary petition has been or is in the future filed against Lightwave under bankruptcy or insolvency laws, or any law relating to the relief of debtors, readjustment of indebtedness, debtor reorganization or composition or extension of debt (any such proceeding, an "Insolvency Proceeding"), then: (i) all rights of Verizon under such laws, including, without limitation, all rights of Verizon under 11 U.S.C. § 366, shall be preserved, and Lightwave's adoption of the Verizon Virginia Terms shall in no way impair such rights of Verizon; and (ii) all rights of Lightwave resulting from Lightwave's adoption of the Verizon Virginia Terms shall be subject to and modified by any Stipulations and Orders entered in the Insolvency Proceeding, including, without limitation, any Stipulation or Order providing adequate assurance of payment to Verizon pursuant to 11 U.S.C. § 366.

002443

## SIGNATURE PAGE

Please arrange for a duly authorized representative of Lightwave to sign this letter in the space provided below and return it to Verizon.

Sincerely,

VERIZON WASHINGTON, DC INC.

Jeffrey A. Masoner
Vice President – Interconnection Services Policy & Planning

Reviewed and countersigned as to points A, B, C, and D of paragraph 1:

LIGHTWAVE COMMUNICATIONS LLC

MARK RICIGLIANO
By _____
Title  CEO

Attachment

c: Liz Hickey – Verizon (w/out attachments)