**VIRGINIA:**

### IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| VERIZON SERVICES CORP., on behalf of the Verizon operating companies, specifically Verizon Virginia Inc., Verizon Maryland Inc., and Verizon Washington, DC Inc.,<br><br>*Movant,*<br><br>and<br><br>LIGHTWAVE COMMUNICATIONS, LLC,<br><br>*Respondent.* | Case No. 2007 7982 |

### LIGHTWAVE COMMUNICATIONS, LLC's MEMORANDUM IN OPPOSITION TO VERIZON MOTION TO CONFIRM ARBITRATION AWARD

Respondent Lightwave Communications, LLC ("Lightwave"), by counsel, respectfully submits this Memorandum in Opposition to Verizon Services Corp.'s ("Verizon") *Motion to Confirm Arbitration Award* ("Verizon Motion") filed in the above captioned proceeding. Lightwave requests that the Court deny the Motion since Lightwave has moved for partial vacatur of the subject arbitration award in the court and venue specified by the parties in their agreement which has jurisdiction over the issues involved.

### PRELIMINARY STATEMENT

Verizon hurriedly filed the instant Motion once it became apparent that Lightwave intended to appeal the arbitration award issued on April 27, 2007 (hereinafter "Award"). Verizon did not, however, file in the court specified in the parties' underlying agreement, which Lightwave has done. Indeed, the Verizon motion itself leaves no doubt that this matter is

governed by the "laws of the United States of America" (specifically including the Federal Arbitration Act) and the laws of the State of New York.[1]

Based on the Verizon Motion here, Verizon and Lightwave are in agreement that some portions of the Award are final and should be judicially enforced. These parts of the Award – the affirmative award of $1,078,623.81 to Lightwave and the denial of Verizon claims in the amount of $726,009.21 – may therefore be enforced in the appropriate venue in accordance with section 9 of the Federal Arbitration Act, as requested by Lightwave in its Motion to the United States District Court for the Southern District of New York.[2]

Other portions of the Award, however, suffer from very substantial defects, warranting vacatur under the Federal Arbitration Act.[3] The ultimate disposition of the Award necessarily depends on resolution of substantial questions of Federal law, in part because the parties are regulated entities under Federal law and are subject to the requirements of the Federal Communications Act of 1934, as amended by the Federal Telecommunications Act of 1996, 47 U.S.C. §§ 151 et seq. The parties' Interconnection Agreements and Wholesale Agreement require, for example, that each party remain compliant with Federal law in their performance thereunder. Given the current circumstances, it is not surprising that the parties had already agreed that a New York court is the most appropriate venue to resolve the instant matter.

---

[1] Verizon Motion at para. 18; *See also,* Verizon Motion at opening paragraph, and paragraphs 19 -21.

[2] 9 U.S.C. §9. Lightwave Motion for Partial Confirmation and Partial Vacatur of the Arbitration Award, filed July 20, 2007, Civil Action No. 07 CV 6519 ("Lightwave Motion"). The Lightwave Motion and its accompanying Memorandum of Law are attached hereto.

[3] The Arbitration Act provides that a court may vacate an arbitration award where the arbitrator exceeded his powers, the award was procured by fraud or undue means, there is evidence of arbitrator partiality, or where the arbitrator engaged in misbehavior prejudicial to the rights of a party. 9 U.S.C. §10(a). Federal Courts may also vacate an arbitration award in cases where the arbitrator has demonstrated a manifest disregard of the law, or where the award violates public policy. *See generally* Lightwave Memorandum of Law, at section IX.

Denial of the Verizon Motion here results in no prejudice to Verizon, since Verizon may seek enforcement of those portions of the Award Lightwave seeks to vacate in the Federal Court action, and avoids duplicative and potentially inconsistent litigation that is pending in the New York federal court. In sum, since all of the relevant issues may now be consolidated and heard in the U.S. District Court action, Lightwave respectfully requests that the Court deny the Verizon Motion.

## **BACKGROUND**

Verizon and Lightwave are both certificated to provide telecommunications services under Federal and state law and regulation. Verizon and its affiliated operating companies, including Verizon Maryland Inc., Verizon Virginia Inc., Verizon South Inc.,[4] and Verizon Washington DC Inc., are Telecommunications Carriers, Local Exchange Carriers, and Incumbent Local Exchange Carriers, as defined in 47 U.S.C. §§ 153(26), 153(44), 251 & 252(h), and are the dominant telecommunications service providers in the mid-Atlantic and Northeast regions of the United States, including Maryland, Virginia, and the District of Columbia.

Lightwave is a Telecommunications Carrier, Local Exchange Carrier and Competitive Local Exchange Carrier, as defined in 47 U.S.C. §§ 153(26), 153(44), 251 & 252, that provides telecommunications services to both small business and residential customers within Maryland, Virginia, and the District of Columbia, by purchasing certain telecommunications elements and services from Verizon on a wholesale basis. Lightwave competes directly with Verizon for customers.

---

[4] While Verizon South Inc. was not listed as an affiliated party in the caption of the Verizon Motion, Verizon South Inc. is also a Verizon operating company implicated in this proceeding, as Verizon Services Corp. signed the parties' Wholesale Agreement (as defined herein) on behalf of Verizon South Inc. and the other Verizon operating companies listed in the above caption, and Verizon South and Lightwave are parties to an interconnection agreement under which certain billing disputes arose.

Lightwave purchases telecommunications elements and services from Verizon under a Wholesale Advantage Services Agreement ("Wholesale Agreement") (attached as Exhibit A) and the parties' jurisdiction-specific Interconnection Agreements, pursuant to 47 U.S.C. § 252. Both the Wholesale Agreement and Interconnection Agreements require Verizon and Lightwave to remain compliant with Federal law throughout their performance thereunder.

As part of its obligation under Federal law to provide elements and services on a nondiscriminatory basis,[5] Verizon is obligated to bill its wholesale customers, such as Lightwave, on a "complete, accurate, and timely" basis.[6] Under the Wholesale Agreement, Verizon bills Lightwave on a monthly basis via electronic billing, through which Verizon claims amounts due from Lightwave. The Wholesale Agreement and the Interconnection Agreements provide that if any Verizon claim, or charge, is subject to a good faith dispute, Lightwave shall give written notice to Verizon of the amount it disputes through the Verizon-mandated dispute process. The Verizon-mandated dispute process is set forth in the Interconnection Agreements and in the Wholesale Agreement.

Over the period January 1, 2004 to June 30, 2006, Lightwave recognized that many items were erroneously billed by Verizon, submitted those items to the dispute process, and paid the remainder of each bill in full. Since the disputes were not resolved by Verizon through the internal Verizon review process, Lightwave escalated many of these Verizon's claims to

---

[5] 47 U.S.C. §§ 201, 202, 251, 252; *see also* N.Y. Pub. Serv. L. § 91(2)(a) & (3).

[6] FCC WC Docket No. 02-384, *In the Matter of Application by Verizon Maryland Inc., Verizon Washington, D.C. Inc., Verizon West Virginia Inc., Bell Atlantic Communications (d/b/a Verizon Long Distance), NYNEX Long Distance Company (d/b/a Verizon Enterprise Solutions), Verizon Global Networks Inc., and Verizon Select Services Inc., for Authorization to Provide In-Region, InterLATA Services in Maryland, Washington, D.C., and West Virginia*, Memorandum Opinion and Order (adopted Mar. 18, 2003) at ¶ 26; *see also* FCC CC Docket No. 01-138, *In the Matter of Application of Verizon Pennsylvania Inc., Verizon Long Distance, Verizon Enterprise Solutions, Verizon Global Networks Inc., and Verizon Select Services Inc. for Authorization to Provide In-Region, InterLATA Services in Pennsylvania*, Memorandum Opinion and Order (adopted Sep. 19, 2001) at ¶ 13.

arbitration pursuant to the Verizon-mandated process under the Wholesale Agreement. Under the Wholesale Agreement, the arbitrator was required to "conduct the arbitration as if it were a bench trial and shall use, apply and enforce the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the law of the State of New York[.]"[7]

The arbitration was held between November 20, 2006 and January 30, 2007, and the award was issued by the arbitrator on April 27, 2007. While the Wholesale Agreement specifically states that "Verizon and Lightwave each irrevocably consents to the personal and subject matter jurisdiction of the courts located in the Borough of Manhattan, State of New York to the extent necessary to give effect to or to enforce the provisions of this Agreement, and waives any defense of lack of jurisdiction, improper venue or inconvenient forum,"[8] the Verizon Motion was made here even before expiration of the statutory three-month period for filing a motion to vacate.[9]

The Lightwave Motion was timely filed within that statutory window. Respondent's appropriately filed matter is currently pending in the New York court, where the underlying issues will be resolved including Verizon's contentions regarding that proceeding. (Exhibit B, pleadings in the New York action.) It has nevertheless filed this Motion, which as set forth more fully below should be denied.

---

[7] Wholesale Agreement at section 18.

[8] Wholesale Agreement at section 8.1; Lightwave Memorandum of Law, at 12.

[9] 9 U.S.C. § 12.

## ARGUMENT

### I. THE VERIZON MOTION SHOULD BE DENIED SINCE THE MATTER IS PROPERLY VENUED IN FEDERAL COURT IN NEW YORK.

Since the Verizon/Lightwave Wholesale Agreement contains a forum selection clause, and the ultimate disposition of the issues involved necessarily depends upon resolution of substantial questions of Federal law, the arbitration vacatur and enforcement issues are appropriately before the Southern District of New York. Indeed, Verizon sets forth no facts in support of its claim of proper venue here.[10]

The Wholesale Agreement, under which the Arbitration was held, specifically states that "Verizon and Lightwave each irrevocably consents to the personal and subject matter jurisdiction of the courts located in the Borough of Manhattan, State of New York to the extent necessary to give effect to or to enforce the provisions of this Agreement, and waives any defense of lack of jurisdiction, improper venue or inconvenient forum."[11] Since this Verizon-specified clause selects jurisdiction and venue in New York, Verizon can no longer pursue this separate, duplicative action.[12] The parties already agreed on the appropriate venue for this matter, and Verizon cannot try to get around that provision with the instant motion.

---

[10] *See* Verizon Motion at para. 3. In fact, the serious questions surrounding improper venue and lack of jurisdiction were appropriately raised by the Court *sua sponte* at the initial Calendar Conference initiated by Verizon on July 7, 2007.

[11] Lightwave Memorandum of Law, at 12.

[12] Since the parts of the Award that the Lightwave Motion seeks to vacate are the same parts the Verizon Motion seeks to confirm, the motions should be heard in the same forum to conclusively and efficiently resolve all issues.

Forum selection clauses such as that in the Wholesale Agreement are enforceable under applicable law.[13] "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court."[14] Furthermore, "[f]orum selection clauses are enforced because they provide certainty and predictability in the resolution of disputes."[15]

Should Verizon fail to withdraw the instant Motion, as Verizon rightfully should under its own Wholesale Agreement, the Court should enforce the parties' agreement and deny the Verizon Motion. In so doing, there would be no prejudice to Verizon, as Verizon will clearly have the opportunity to make the same arguments in the forum agreed upon by the parties, that it would otherwise proffer here. A contrary result in this court will risk duplicative and inconsistent litigation in different venues, which is not the appropriate disposition of the case. The matter should be resolved in the pending New York proceeding and the motion should be denied.

---

[13] *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), finding that forum selection clauses are enforceable even in form contracts.

[14] *Stravalle v. Land Cargo, Inc.*, 39 A.D.3d 735, 736, 835 N.Y.S.2d 606, 607 (2d Dep't. 2007) [*quoting LSPA Enterprise, Inc. v. Jani-King of New York, Inc.*, 31 A.D.3d 394, 817 N.Y.S.2d 657 (2d Dep't. 2006)]; *see also Winn v. Aleda Const. Co., Inc.*, 227 Va. 304, 307 (stating that "[t]he parties' contract becomes the law of the case unless it is repugnant to some rule of law or public policy"). Since the parties' Wholesale Agreement is governed by Federal and New York law, New York decisions on contract interpretation are relevant to effectuate the provisions of the Wholesale Agreement.

[15] *Boss v. American Express Financial Advisors, Inc.*, 6 N.Y.3d 242, 247, 844 N.E.2d 1142, 1144, 811 N.Y.S.2d 620, 622 (2006) [*quoting Brooke Group v. JCH Syndicate 488*, 87 N.Y.2d 530, 640 N.Y.S.2d 479, 663 N.E.2d 635 (1996)].

## II.   LIGHTWAVE'S MOTION INVOLVES FEDERAL QUESTIONS THAT ARE APPROPRIATELY REVIEWED IN FEDERAL COURT.

Review of the Award is governed by the Federal Arbitration Act, and turns on questions of Federal law.  The Federal Arbitration Act applies to any "contract evidencing a transaction involving commerce,"[16] where "commerce" is defined as "commerce among the several States...or in the District of Columbia."[17]  As the parties' Wholesale Agreement involves commercial transactions in Maryland, Virginia, and the District of Columbia, involving entities established under the laws of several different States and Commonwealths,[18] the Agreement is clearly governed by the Federal Arbitration Act.  Indeed, the Verizon Motion acknowledges the applicability of the Federal Arbitration Act, stating that the motion is "authorized by 9 U.S.C. §§ 9 and 13."[19]

The Lightwave Motion is likewise filed pursuant to the Federal Arbitration Act, setting forth several grounds upon which the court may vacate the awards to Verizon.  Review of these grounds involves the determination and/or application of substantive federal telecommunications law to be resolved in the pending New York federal court action concerning this matter.  Significantly, since the parties' Agreement obligates Verizon to remain compliant with federal law and specifies United States law as being applicable, the Arbitrator's authority was clearly limited by federal law under the parties' Agreement.[20]

---

[16] 9 U.S.C. § 2.

[17] 9 U.S.C. § 1.

[18] *See, e.g.,* Lightwave Memorandum of Law, at 2-3.

[19] Verizon Motion, at ¶ 19.

[20] *See, e.g.,* Lightwave Memorandum of Law, at 23-24.

8

Federal law and regulation obligate Verizon to provide telecommunications services to Lightwave and require, *inter alia,* that Verizon's "charges, practices, classification, and regulations" associated with such services be "just and reasonable."[21] Further, "any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful."[22] Federal law prohibits Verizon from making "any unjust or unreasonable discrimination in charges, practices, classifications, regulations, facilities, or services" in connection with its provision of such services to Lightwave and prohibits Verizon from subjecting Lightwave "to any undue or unreasonable prejudice or disadvantage."[23] Federal courts have jurisdiction over such issues, and such matters will be addressed in the pending New York case.[24]

Federal law also requires that Verizon, among other obligations, interconnect with Lightwave, provide Lightwave with nondiscriminatory access to Verizon network elements, and "negotiate in good faith the terms and conditions" of such access and interconnection.[25] As part of its obligation under Federal law to provide elements and services on a nondiscriminatory basis,[26] Verizon is obligated to bill its wholesale customers, such as Lightwave, on a "complete, accurate, and timely" basis.[27]

---

[21] 47 U.S.C. § 201(a). As the Wholesale Agreement also requires compliance with New York law, we note that the New York Public Service Law contains identical requirements. *See* N.Y. Pub. Serv. L. § 91(1).

[22] 47 U.S.C. § 201(b); *see also* N.Y. Pub. Serv. L. § 91(1).

[23] 47 U.S.C. § 202(a); *see also* 47 U.S.C. § 202(c) (imposing a penalty for any knowing violation of § 202(a)); N.Y. Pub. Serv. L. § 91(2)(a) & (3).

[24] *See, e.g.,* 47 U.S.C. § 207.

[25] 47 U.S.C. §§ 251, 252.

[26] 47 U.S.C. §§ 201, 202, 251, 252.

[27] FCC WC Docket No. 02-384, *In the Matter of Application by Verizon Maryland Inc., Verizon Washington, D.C. Inc., Verizon West Virginia Inc., Bell Atlantic Communications (d/b/a Verizon Long Distance), NYNEX Long Distance Company (d/b/a Verizon Enterprise Solutions), Verizon Global Networks Inc., and Verizon Select Services Inc., for Authorization to Provide In-Region, InterLATA Services in Maryland, Washington, D.C., and West Virginia,* Memorandum Opinion and Order (adopted

As noted in the Lightwave Motion, many of the awards to Verizon, if enforced, would permit Verizon to demand payments in violation of Federal laws.[28] Moreover, many of the awards to Verizon likewise conflict with Federal telecommunications policy and should be vacated as against public policy.[29] Due to the substantial Federal issues involved in review of the Award, and need to avoid inconsistent and duplicative legal proceedings, the Court should deny the Verizon Motion and permit the parties to raise their issues in the Southern District of New York proceeding, in accordance with their agreement.

### III. THE AWARD CANNOT BE ENFORCED IN THIS STATE COURT WHILE SUBJECT TO VACATUR IN FEDERAL COURT.

The Supremacy Clause of the Constitution states that the "Constitution and the laws of the United States...shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."[30] Thus, the federal sovereignty and supremacy principle upon which the United States' legal system is based prohibits a state court from issuing a decision conflicting with federal law or regulation.

As noted above, Verizon cannot object to jurisdiction or venue in New York, and the Lightwave Motion raises Federal questions that fall squarely within the subject matter jurisdiction of the Federal courts. Upon review of the Lightwave Motion, the items awarded to

---

Mar. 18, 2003) at ¶ 26; *see also* FCC CC Docket No. 01-138, *In the Matter of Application of Verizon Pennsylvania Inc., Verizon Long Distance, Verizon Enterprise Solutions, Verizon Global Networks Inc., and Verizon Select Services Inc. for Authorization to Provide In-Region, InterLATA Services in Pennsylvania*, Memorandum Opinion and Order (adopted Sep. 19, 2001) at ¶ 13.

[28] *See generally* Lightwave Memorandum of Law, at 23-39.

[29] *See, e.g.,* Lightwave Memorandum of Law, at 50-56.

[30] U.S. Const. art. VI, cl. 2.

Verizon are likely to be vacated by the Federal court, in large part to prevent Verizon's ongoing violation of Federal law.[31] As these items subject to vacatur represent the same items that Verizon seeks to confirm in the Verizon Motion, any decision by the Court to confirm those awards would conflict with Federal law. In any event, resolution of the substantive federal issues are to be resolved by the New York federal court where Verizon will be heard on its position in this matter. This Court should therefore respectfully refrain from confirming any contested portions of the Award while they are subject to vacatur in Federal court.[32]

## CONCLUSION

In light of the foregoing, Lightwave respectfully requests that the Court dismiss and/or deny Verizon's Motion in view of the proceeding pending in the Southern District of New York, as (1) Verizon has consented, by agreement, to the jurisdiction and venue of that court, (2) venue and jurisdiction are lacking here, (3) the disposition of this matter is substantially reliant upon application of Federal law to be resolved in New York, and (4) enforcement is inappropriate while a motion for partial vacatur is pending in the case.

---

[31] *See generally* Lightwave Memorandum of Law, at 23-39.

[32] Thus, while the Court should respectfully deny or dismiss the Verizon Motion, should this matter remain open Lightwave incorporates the attached Lightwave Motion and Memorandum of Law by reference into this proceeding and moves the Court under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, as that act is supplemented by New York law, including N.Y. C.P.L.R. § 7501 *et seq.*, and Va. Code § 8.01-577 *et seq.* to confirm the Award, in part, and vacate the award, in part, in accordance with the Lightwave Motion and Memorandum of Law.

          Respectfully submitted,

*/s/ Seth C. B.*

Seth C. Berenzweig, Esq.
Albo & Oblon, LLP
Courthouse Plaza
2200 Clarendon Boulevard, St. 1201
Arlington, Virginia 22201
(703) 312-0410
(703) 312-0415 (fax)

*Andy Klein/SCB*

Andrew M. Klein, Esq.*
KLEIN LAW GROUP PLLC
Attorneys for the Petitioner
LIGHTWAVE COMMUNICATIONS, LLC
4800 Montgomery Lane, Suite 700
Bethesda, MD, 20814
(301) 664-6330
(301) 664-6323 (fax)

(* Admitted in NY, NJ and DC only; unopposed request for admission *Pro Hac Vice* pending for this proceeding.)

## CERTIFICATE OF SERVICE

I certify that on July 26, 2007, a copy of the foregoing pleading was sent by electronic mail, facsimile and regular mail to all counsel of record in this matter.

                                      Seth C. Berenzweig