UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

VERIZON SERVICES CORP., on behalf of the
Verizon operating companies, specifically Verizon
Virginia Inc., Verizon Maryland Inc., and Verizon
Washington, DC Inc.

*Movant,*

and

LIGHTWAVE COMMUNICATIONS, LLC,

*Respondent.*

Civil Action No. 07civ6519

The Hon. Jed S. Rakoff

**REPLY MEMORANDUM IN SUPPORT OF VERIZON MOTION TO DISMISS**

Andrew G. McBride (AM1966)
*Counsel for Verizon Services Corp.*
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

I.  ARGUMENT ........................................................................................................... 1

   A.  The Wholesale Agreement Does Not Provide for Exclusive Jurisdiction in This Court.... 1

   B.  Review of the Arbitration Award Does Not Create Federal Jurisdiction. ......................... 2

   C.  Lightwave's Reliance on *Greenberg* Is Unavailing............................................................. 4

   D.  Disputes Under the Wholesale Agreement Are Not Federal Questions. ........................... 7

   E.  Even if This Court Finds That It Has Jurisdiction, Abstention or Dismissal Is Appropriate in Light of the Virginia State Court's Assertion of Jurisdiction over the Confirmation of the Award.................................................................................................................................... 8

II.  CONCLUSION......................................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ballantine Books, Inc. v. Capital Distributing Co.*, 302 F.2d 17 (2d Cir. 1962) ................6

*BellSouth Telecommunications, Inc. v. MCImetro Access Transmission Services,*
    *LLC*, 425 F.3d 964 (11th Cir. 2005) ............................................................................8

*Catz Amer. Co. v. Pearl Grange Fruit Exch., Inc.*,
    292 F. Supp. 549 (S.D.N.Y. 1968)................................................................................2

*Colorado River Water Conservation District v. United States*,
    424 U.S. 800 (1976)....................................................................................................8, 9

*Covad Communications Co. v. FCC*, 450 F.3d 528 (D.C. Cir. 2006) ..............................8

*Duferco International Steel Trading v. T. Klaveness Shipping A/S*,
    333 F.3d 383 (2d Cir. 2003)............................................................................................6

*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983) .........6

*Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22 (2d Cir. 2000)................................3, 4, 5

*Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293 (2d Cir 2002)...........................................1

*Moses H. Cone Mem. Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983).......8, 9

*Richardson & Sons, Ltd., v. W.E. Hedger Transport Corp.*,
    98 F.2d 55 (2d Cir. 1938) .............................................................................................3

*Saint Mary Home, Inc. v. Service Employees International, District 1199*,
    116 F.3d 41 (2d Cir. 1997)..............................................................................................3

*Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356 (2d Cir. 1985) .............9

*The Hartbridge*, 62 F.2d 72 (2d Cir. 1932)........................................................................3

*Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263(2d Cir. 1996),
    *amended opinion reported at* No. 96-7257, 1996 U.S. App. LEXIS 35571
    (2d Cir. Nov. 7, 1996)....................................................................................................3

## FEDERAL STATUTES

47 U.S.C. § 251 ................................................................................................7, 8

47 U.S.C. § 252 ................................................................................................7, 8

## ADMINISTRATIVE DECISIONS

*Petition of Qwest Corp. for Forbearance Pursuant to 47 U.S.C. § 160(c) in the*
   *Omaha Metrop. Statistical Area*, Memorandum Opinion and Order,
   20 FCC Rcd 19415, 19455, ¶ 82 (2005), *petitions for review denied*,
   *Qwest Corp. v. FCC*, 482 F.3d 471 (D.C. Cir. 2007) ....................................................8

## MISCELLANEOUS

Transcript of Hearing before The Hon. Judge Marcus D. Williams, Fairfax
   County Circuit Court, August 17, 2007 (Exhibit A) .........................................1, 2, 4, 8

## I.  ARGUMENT

### A.  The Wholesale Agreement Does Not Provide for Exclusive Jurisdiction in This Court.

The Wholesale Advantage Services Agreement (the "Wholesale Agreement"), which governs the resolution of this dispute between Verizon Services Corp. ("Verizon") and Lightwave Communications, LLC ("Lightwave"), s*ee* Wholesale Agreement, § 18, expressly provides that "[j]udgment on the award rendered by the arbitrator may be entered in any court having jurisdiction over the parties." *Id.* Despite the plain language of the contract, Lightwave continues to promote an obvious misreading of the permissive jurisdictional clause in Section 8.1 of the Wholesale Agreement. Lightwave's Opposition to Verizon's Motion to Dismiss ("Lightwave Opp."). In fact, the Circuit Court of Fairfax County, Virginia has now rejected Lightwave's exclusive jurisdiction argument and taken jurisdiction over the confirmation of this Award. *See* Tr. of Virginia Hearing, 6:9-7:12, Aug. 17, 2007 (Ex. A).

Section 8.1 is merely a waiver of any personal jurisdiction and venue objections to a forum located in the Borough of Manhattan. This provision makes the Borough of Manhattan an available—but not *exclusive*—venue for resolution of disputes under the Wholesale Agreement. Consenting to jurisdiction in one location does not constitute a waiver of jurisdiction in all other courts having jurisdiction over the parties. Moreover, Lightwave ignores Section 18 of the Wholesale Agreement, which is specific to the type of proceeding at issue here—confirmation of an arbitration award. The general and permissive venue provisions of Section 8.1 cannot be read to trump a specific jurisdictional and venue stipulation for confirmation of arbitration awards. *See Mattel, Inc. v. Barbie-Club.com,* 310 F.3d 293, 300 (2d Cir 2002) (applying interpretive canon of *generalia spectalibus non derogant,* according to which general provisions do not qualify specific ones). This was exactly the reasoning of the Virginia Court in rejecting

1

Lightwave's argument for exclusive jurisdiction in the New York courts. *See* Tr. of Virginia Hearing, 6:9-7:12, Aug. 17, 2007 (Ex. A).

Lightwave further suggests that Section 8.1 is relevant to the question of federal subject matter jurisdiction. But no contract can confer subject matter jurisdiction on a federal court—that jurisdiction is defined by the Constitution itself and by statute. To invoke this Court's limited subject matter jurisdiction, Lightwave must establish either a federal cause of action or that the resolution of the action turns on a substantial question of federal law. Lightwave cannot establish either. In the absence of a statutory basis for subject matter jurisdiction, it is flatly wrong to claim, as Lightwave repeatedly has,[1] that Verizon consented—or could consent—to subject matter jurisdiction in "this Court" or any other federal court that lacks subject matter jurisdiction over this matter.

**B.     Review of the Arbitration Award Does Not Create Federal Jurisdiction.**

A motion to confirm or vacate an arbitration award is not an opportunity to relitigate the underlying disputes resolved in the arbitration. *See Catz Amer. Co. v. Pearl Grange Fruit Exch., Inc.*, 292 F. Supp. 549, 551 (S.D.N.Y. 1968) (admonishing that a challenge to an award cannot be based on "conclusions and characterizations of the type frequently voiced by disappointed litigants" or "attempt[] to reargue the facts that were before the arbitrators"). Lightwave's main basis for asserting federal question jurisdiction, however, is inextricably tied to the underlying claims already presented and resolved in the arbitration, which are not proper considerations for a reviewing court.

The bases upon which a court can revisit an arbitration award are very narrow. A court cannot overturn an arbitration award simply because it disagrees with the arbitrator or believes

---

[1]     *See, e.g.*, Lightwave Opp. at 1 ("[The Wholesale Agreement] requires that both parties irrevocably consent *to the subject matter jurisdiction of this Court*," *id*. at 1) (emphasis added).

the arbitrator made a mistake of fact or law. *The Hartbridge*, 62 F.2d 72, 73 (2d Cir. 1932) ("Where the merits of a controversy are referred to an arbitrator selected by the parties, his determination, either as to the law or the facts, is final and conclusive."); *Richardson & Sons, Ltd.*, *v. W.E. Hedger Transp. Corp.*, 98 F.2d 55, 57 (2d Cir. 1938) ("This court is without power to amend or overrule merely because of disagreement with matters of law or facts determined by the arbitrators."). In this case the arbitrator heard extensive evidence over seven days of hearings, considered 50-page post-hearing briefs from both parties, and rendered a carefully balanced Award, without a statement of reasons, in accord with the contract. Even if the arbitrator did err in some particulars, the bar to vacating an award is so high, and the grounds for doing so are so limited, that the Award in this case would still have to be confirmed in whole. *See Saint Mary Home, Inc. v. Service Employees Int'l, District 1199*, 116 F.3d 41, 44 (2d Cir. 1997) ("The court may not substitute its view for that of the arbitrator nor may it even review the award for clear error.").

Because judicial review of an arbitration award cannot disturb even clear errors of fact or law, there cannot be any substantial question of federal law presented by a confirmation proceeding—even where some underlying dispute in the arbitration turned on a question of federal law. For this reason, the Second Circuit has held that "[s]imply raising federal-law claims in the underlying arbitration is insufficient to supply th[e] 'independent basis' [required for federal question jurisdiction]," *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 26 (2d Cir. 2000), and "the fact that the arbitration concerns issues of federal law does not, standing alone, confer subject matter jurisdiction on a federal district court to review the arbitral award," *id*.

The confirmation *vel non* of an arbitration award turns on the application of extremely limited statutory provisions which do not themselves create federal question jurisdiction. *See*

*Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263 (2d Cir. 1996), amended opinion reported at No. 96-7257, 1996 U.S. App. LEXIS 35571, at *15 (2d Cir. Nov. 7, 1996). There is thus no federal subject matter jurisdiction over Lightwave's motion to confirm or vacate the Award, and this action must be dismissed. The parties may then resume the first-filed action in Virginia, where the Fairfax County Circuit Court has already held that it has jurisdiction. *See* Tr. of Virginia Hearing, 7:5-12, Aug. 17, 2007 (Ex. A).

> **C.**    **Lightwave's Reliance on *Greenberg* Is Unavailing.**

In *Greenberg*, the Second Circuit held that there was federal jurisdiction over a petition for vacatur "where … the petitioner complains *principally and in good faith* that the award was rendered in manifest disregard of federal law." 220 F.3d at 29 (emphasis added).[2] Thus, for the holding in *Greenberg* to apply, two clear predicates must be satisfied: (1) manifest disregard of federal law must be the petitioner's "principal" challenge to the award; and (2) the allegation of manifest disregard of federal law must be made "in good faith." These limitations are important and not mere formalities because, without them, a petitioner seeking vacatur of an arbitration award could defeat the federal jurisdictional barrier to review of an arbitration award merely by invoking the possibility of manifest disregard of federal law. Contrary to the will of Congress expressed in the Federal Arbitration Act, virtually every arbitration would then result in the relitigation of the merits in federal court.

First, Lightwave's petition to vacate does not complain principally that the Award was rendered in manifest disregard of the law. In *Greenberg*, the court repeatedly stressed that its holding was premised on the fact that the petitioner sought vacatur "principally," "chiefly," and "primarily" on the grounds of manifest disregard of the law. *Id*. at 24, 27-29. Lightwave,

---

[2]    The court went on to hold that the petitioner had failed to satisfy "the very stringent burden of demonstrating the sort of manifest disregard required to vacate the award." *Id*. at 24.

however, has filed an omnibus petition to vacate (as well as partially confirm) the Award which expends fifty-six pages arguing nearly every possible statutory and common law basis for vacatur.  Of those fifty-six pages, the section alleging manifest disregard of federal law begins on page fifty and amounts to only four paragraphs.  This relatively minor argument, asserted after other arguments that Lightwave clearly regards as more important, cannot be considered the "principal," "chief," or "primary" grounds for Lightwave's petition.

It would violate the rationale and holding of *Greenberg* if Lightwave were permitted to use such a brief and subordinate argument—one of at least six offered in Lightwave's petition—to bootstrap its other challenges to the Award into federal court.  The *Greenberg* court explained that the federal interest in deciding such cases is only strong enough to confer federal jurisdiction if manifest disregard of federal law is the primary issue to be decided.  *See id*. at 26-27.  Noting that "review for manifest disregard is 'severely limited,'" the court limited federal jurisdiction to situations in which "engaging in such review is essentially *all that is required* of the reviewing court."  *Id*. at 27 (internal citations omitted) (emphasis added).  By contrast, neither the arbitration nor Lightwave's petition turns on any discrete and important issue of federal law.  The dominant issues in this arbitration were billing disputes and interpretation of the Wholesale Agreement and the pricing schedules to the Wholesale Agreement, which is a private, commercial agreement independent of federal law.  That is also the primary focus of the Lightwave petition.  Accordingly, under *Greenberg*, the federal interest is insufficient to support federal question jurisdiction.

Second, Lightwave has not, and cannot, make a "good faith" claim that the Award was rendered in manifest disregard of the law.  This is because, consistent with the Section 18 of the Wholesale Agreement, the arbitrator gave no reasons for his Award.  The Award is simply a

series of lump-sums awarding dollar amounts to Verizon or Lightwave. Rather than pointing to a specific statement by the arbitrator, Lightwave must resort to alleging that the amounts awarded by the arbitrator *imply* a manifest disregard of the law. This line of argument, however, is dependent on a second unverifiable assumption—that the arbitrator accepted Lightwave's account of all the relevant facts in dispute. The arbitration involved numerous evidentiary disputes, such as whether an amount was refunded or even billed in the first place, or whether Lightwave properly disputed a charge. Because the arbitrator did not provide any reasons for his Award, why the arbitrator rejected Lightwave's position is unknown, and Lightwave cannot in good faith claim that the Award is the product of a manifest disregard of the law. Because Lightwave cannot prove that the Award is necessarily the result of the disregard of federal law and not some other factual or legal decision by the arbitrator, there cannot be a substantial federal question at issue. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) ("[F]ederal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a *necessary element* of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law.") (emphasis added).

For these same reasons, Lightwave also cannot show that the arbitrator *intentionally* disregarded or *refused* to apply federal law, a necessary showing to sustain a claim of manifest disregard for the law. *See id*. at 28; *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003) ("A party seeking vacatur bears the burden of proving that the arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it."). The arbitrator's intent with respect to federal law cannot be discerned from a review of lump sum numbers on an award chart, *see Ballantine Books, Inc. v. Capital Distributing Co*., 302 F.2d 17, 22 (2d Cir. 1962) ("[I]t is not for a

reviewing court to look behind a lump-sum arbitration award."), and Lightwave thus has no good faith basis for claiming that the arbitrator intended to disregard federal law.

Further undermining the "good faith" basis of Lightwave's allegation of manifest disregard, Lightwave has filed a motion for partial vacatur *and* partial confirmation of the Award, unlike the petitioner in *Greenberg* who petitioned to vacate an award only.  Lightwave would have this Court believe that, where the arbitrator issued awards to Verizon, he was acting in manifest disregard of federal law, but where the same arbitrator issued awards to Lightwave in the same Award, he was acting in full regard of these same laws.  Taking such an implausible position undercuts the "good faith" of Lightwave's claim.

### D.     Disputes Under the Wholesale Agreement Are Not Federal Questions.

The Wholesale Agreement, which governs all disputes between Verizon and Lightwave, is a privately negotiated, commercial agreement, not a federal law nor even a federally-mandated contract.  Nothing about an arbitration conducted under this private, commercial contract raises a substantial federal question.   Although Lightwave continues to invoke the Interconnection Agreements ("ICAs"), *see, e.g.*, Lightwave Opp. at 3, the Wholesale Agreement explicitly provides that it is now the sole governing contract for any payments or disputes relating to services once provided under ICAs but now provided under the Wholesale Agreement.  *See* Wholesale Agreement § 6.  Even Lightwave admits that it brought the arbitration under the dispute resolution provision of the Wholesale Agreement and not the ICAs.  *See* Lightwave Opp. at 4.

Finally, Lightwave claims that the services provided under this contract are subject to 47 U.S.C. §§ 251 and 252.  *See, e.g.*, Lightwave Opp. at 5 n.22.  The Wholesale Agreement, however, specifically disclaims the relevance of these and other federal laws in the relationship between Verizon and Lightwave.  *See* Wholesale Agreement § 35.1.  In addition, the FCC has

expressly held—and the D.C. Circuit has affirmed—that §§ 251 and 252 do not require Verizon to provide Lightwave with the particular services provided under the Wholesale Agreement. *See*, *e.g.*, *Covad Commc'ns Co. v. FCC*, 450 F.3d 528, 546-49 (D.C. Cir. 2006); *BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., LLC*, 425 F.3d 964, 969-70 (11th Cir. 2005)  And the FCC subsequently confirmed that incumbents such as Verizon are under no "legal mandate" to offer a "commercial product" like the Wholesale Agreement.  *Petition of Qwest Corp. for Forbearance Pursuant to 47 U.S.C. § 160(c) in the Omaha Metrop. Statistical Area*, Memorandum Opinion and Order, 20 FCC Rcd 19415, 19455, ¶ 82 (2005), *petitions for review denied*, *Qwest Corp. v. FCC*, 482 F.3d 471 (D.C. Cir. 2007).  Thus, Lightwave cannot claim that a federal question arises under a federal law that has been disclaimed by the mutual agreement of both parties.

        **E.**      **Even if This Court Finds That It Has Jurisdiction, Abstention or Dismissal Is Appropriate in Light of the Virginia State Court's Assertion of Jurisdiction over the Confirmation of the Award.**

Even if this Court finds that it has jurisdiction, the grounds for abstention set out in Verizon's Motion to Dismiss have been given further urgency by the Virginia state court's assertion of jurisdiction over the confirmation of the Award.  *See* Tr. of Virginia Hearing, 7:5-12, Aug. 17, 2007 (Ex. A).

Lightwave's response to Verizon's analysis showing why this Court should dismiss this action under the abstention doctrine set out in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983), is factually sparse and legally deficient.  Determining when the "wise judicial administration," *Colorado River*, 424 U.S. at 817 (quotation marks and alteration omitted), of the federal courts counsels in favor of dismissal or abstention under *Colorado River* requires the

balancing of six factors. Lightwave's response fails to rebut Verizon's arguments on any of those six factors or even to mention the majority of them. Instead, Lightwave offers a single paragraph that misstates the jurisdictional clauses of the Wholesale Agreement, ignores the fact that the proceedings in Virginia state court are further advanced than the proceedings in this Court, and incorrectly assumes that the Virginia state court would not hold that it had jurisdiction over the action.

This case lies in the heartland of *Colorado River* abstention—any federal proceedings would be completely duplicative of a first-filed state court action. *See Colorado River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 15; *Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 362 (2d Cir. 1985) ("To begin with, the federal and state actions are essentially the same."). Moreover, as explained in Verizon's Motion to Dismiss and not effectively rebutted by Lightwave, the four applicable factors in this case all strongly favor dismissal or abstention. Accordingly, even if this Court holds that it has jurisdiction over this action, it would be appropriate to dismiss or abstain from further proceedings in favor of the parallel action underway in Virginia.

## II.  CONCLUSION

For the reasons set forth above and in Verizon's Motion to Dismiss, Verizon respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted,


By:  /s/ Andrew G. McBride
     Andrew G. McBride, Esq. (AM1966)
     **WILEY REIN LLP**
     1776 K Street, N.W.
     Washington, D.C. 20006
     Tel: (202) 719-7000
     Fax: (202) 719-7049


Dated this 23rd day of August, 2007.

**CERTIFICATE OF SERVICE**

I, Andrew G. McBride, hereby certify that on August 23, 2007, I caused a copy of the

foregoing Reply Memorandum in Support of Verizon Motion to Dismiss to be delivered by

overnight courier to the party listed below:


Andrew M. Klein, Esq.
Klein Law Group PLLC
4800 Montgomery Lane, Suite 700
Bethesda, MD 20814

*Counsel for Lightwave*
*Communications, LLC*

        ___ /s/ Andrew G. McBride_____
               Andrew G. McBride