```
                                                              1

1    V I R G I N I A

2          IN THE CIRCUIT COURT OF FAIRFAX COUNTY

3    --------------------------------X

4    VERIZON SERVICES CORP.,         :

5              Plaintiff,            :

6              versus,               : Case No. 2007-7982

7    LIGHTWAVE COMMUNICATIONS, LLC,  :

8              Defendant.            :

9    --------------------------------X

10                                         Fairfax, Virginia

11                                   Friday, August 17, 2007

12          The above-entitled action came on to be

13   heard before the Honorable Marcus D. Williams, a Judge in

14   and for the Circuit Court of Fairfax County, at the

15   Fairfax County Judicial Center, 4110 Chain Bridge Road,

16   Fairfax, Virginia  22030, beginning at approximately

17   10:38 o'clock a.m., when there were present on behalf of

18   the respective parties:

19

20

21

22

23                                              LMK07-185
```

Anita B. Glover & Associates, Ltd.
10521 West Drive
Fairfax, Virginia 22030
(703) 591-3004

APPEARANCES:

For the Plaintiff:

TIMOTHY J. McEVOY, ESQUIRE
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031

and

ANDREW G. McBRIDE, ESQUIRE
Wiley Rein, LLP
1776 K Street, N.W.
Washington, D.C. 20006

For the Defendant:

SETH C. BERENZWEIG, ESQUIRE
Albo & Oblon, LLP
2200 Clarendon Boulevard, Suite 1201
Arlington, Virginia 22201

and

ANDREW M. KLEIN, ESQUIRE
Klein Law Group
4800 Montgomery Lane
Bethesda, Maryland 20814

                                                        3

1                    P R O C E E D I N G S
2              (The Court Reporter was sworn by the
3    Court.)
4              MR. McEVOY:  Good morning, Your Honor.
5    Tim McEvoy of Odin, Feldman, and Pittleman for the
6    movant, Verizon.  With me, Your Honor, is Andrew McBride
7    from the firm of Wiley, Rein.  He was previously moved
8    pro hac vice several weeks ago.
9              THE COURT:  All right.
10             MR. McBRIDE:  Good morning, Your Honor.
11             THE COURT:  Good morning.
12             MR. BERENZWEIG:  Good morning, Your Honor.
13   If I may, Seth Berenzweig, Albo and Oblon.  I am here
14   this morning with Andy Klein.  He has similarly been
15   moved in pro hoc on behalf of Lightwave.
16             THE COURT:  Thank you.
17             Again, this has been briefed.  I'm not
18   sure what needs to be said about it.  But if there is
19   anything in addition to what has been argued, that has
20   developed or whatever, then that is to be addressed.
21   Otherwise, I'm prepared to rule.
22             MR. McBRIDE:  I have nothing new, Your
23   Honor.  Nothing new at this point.

4

1        MR. KLEIN:  If I may, just real quick,
2   Your Honor.
3        THE COURT:  All right.
4        MR. KLEIN:  There have been some
5   developments which -- which also bear on the sensibility
6   or the practicality of this Court moving forward.  One
7   week ago this morning, Verizon issued an embargo against
8   Lightwave Communications.  Attempting to resolve this
9   matter unilaterally, Lightwave asked the Southern
10  District of New York, where this same matter is pending,
11  where a vacature motion is pending, and that Court had a
12  hearing last Friday afternoon and issued a temporary
13  restraining order enjoining Verizon from acting on its
14  embargo, instructing Verizon Communications to lift the
15  embargo.
16       THE COURT:  How does that affect issue?
17       MR. KLEIN:  The Court in that hearing a
18  week ago had heard the parties on the issue of
19  jurisdiction and determined that the Court had
20  jurisdiction and issued a temporary restraining order
21  enjoining Verizon from activity that upset the status
22  quo, ordered Verizon to reinstitute the status quo ante
23  while this matter is pending.

1           Right now briefs are still being submitted
2  to Federal District Court in New York pursuant to the
3  parties' forum selection clause in the contract drafted
4  by Verizon, insisted upon by Verizon, in negotiations
5  with Lightwave communications.
6           So Lightwave duly filed their motion to
7  vacate in part the arbitration award in the Southern
8  District of New York.  That is still pending right now.
9           THE COURT:  And that was pending at the
10 time the brief was filed; wasn't it?  Or was about to be
11 filed, an attempt to file the vacated brief.  So that was
12 taken into consideration.
13          MR. KLEIN:  Yes, Lightwave's -- Lightwave
14 notified this Court at the first appearance that it
15 intended to appeal the arbitration award.
16          THE COURT:  All right.
17          MR. KLEIN:  As you know, Your Honor, there
18 are 90 days in which to file for an appeal of an
19 arbitration award under the Federal Arbitration Act.
20 Lightwave duly filed in Federal District Court under that
21 act under the Telecommunications Act, the Communications
22 Act of 1934.  The resolution of this matter depends on
23 the resolution of significant questions of federal law

6

1  and that is why the matter is appropriately pending in
2  New York.
3           There is no harm to Verizon to deny their
4  motion or to adjourn the motion while the matter is
5  considered by the District Court in New York.
6           THE COURT:  I'm prepared to rule.  Thank
7  you.
8           MR. KLEIN:  Thank you, Your Honor.
9           THE COURT:  Dealing first with the issue
10 of the jurisdiction of this Court to hear or to enforce
11 an arbitration award, the Court first notes that the
12 wholesale agreement in issue states in part what I call a
13 consent to jurisdiction clause, which is probably not
14 exclusive.
15          It says that Verizon and Lightwave each
16 irrevocably consent to the -- to the personal and subject
17 matter jurisdiction of the Court located in the Borough
18 of Manhattan, State of New York, to the extent necessary
19 to either effect or to enforce provisions of this
20 agreement and raising the defense of lack of jurisdiction
21 in part with any unconvenient forum -- which is argued to
22 be the only forum in which the matter can be heard.
23          But the Court also notes that the

7

1   arbitration clause specifically states in part that
2   judgment of the award rendered by the arbitrator may be
3   entered in any Court having jurisdiction over the
4   parties.
5                In considering this matter, the Court
6   finds that the Fairfax Circuit Court does have
7   jurisdiction over the enforcement or the recognition of
8   the arbitration award pursuant to an arbitration
9   provision.  It says enforcement of the award or agreement
10  by -- may be entered in any Court having jurisdiction
11  over the parties.  And I think I do have jurisdiction
12  over the parties.
13               However, the Court notes that there is a
14  vacature which is pending.  And I think that is properly
15  in New York.  And this matter will have to be stayed
16  pending the resolution of that.  And I don't believe
17  there is any conflict with the New York Court on their
18  assuming jurisdiction over an injunctive matter either.
19  So that has not entered into my decision on this.
20               Now, I can set this for a status to see
21  what progress has been made in terms of that New York
22  matter and that way I can keep this on my radar screen,
23  so to speak.

1      Do you have a suggestion of when it might
2  be resolved?
3      MR. McBRIDE:  If I could, Your Honor, the
4  Court has set a hearing in New York for August 30th on
5  the jurisdictional issue.  It's our position there is no
6  subject matter jurisdiction in the Federal Court.
7      THE COURT:  Okay.
8      MR. KLEIN:  Your Honor, from Lightwave's
9  perspective we obviously do believe there is jurisdiction
10 and that the parties did consent to jurisdiction as Your
11 Honor just noted.  There is a status conference and a
12 hearing on a motion on August 30th.
13     THE COURT:  I think -- the Court is
14 located in the Borough of Manhattan.  I guess the U.S.
15 District Court may be located in the Borough of
16 Manhattan, so maybe that is part of the argument, that is
17 the jurisdiction and they can hear it.
18     MR. KLEIN:  Yes.  We actually just briefed
19 that issue last night and I will be happy to provide the
20 Court with a copy of that brief if Your Honor is
21 interested.
22     THE COURT:  Well, out of interest, but I
23 really have no fight in that argument one way or the

9

1  other.
2           MR. McBRIDE:  So from the perspective of
3  scheduling, Your Honor, I think the conference, perhaps,
4  you know, a week or two after the Federal District Court
5  of New York hears the motion to dismiss would be
6  appropriate.
7           THE COURT:  Do you think they would rule
8  by then or do they usually take things like that under
9  advisement?
10          MR. McBRIDE:  I got the sense the Court
11 might rule from the Bench on that issues.
12          THE COURT:  All right.  Well, what I'll do
13 is I'll set this for September 21 and you can apprise me
14 of the -- or if you would like you can do so by letter
15 prior to that date and I'll just take it off the docket.
16 And what I can do then is maybe continue it to another
17 Friday to see what is going on if it's still pending.  Is
18 that all right?
19          MR. McBRIDE:  Very good, Your Honor.
20          MR. KLEIN:  Very good, Your Honor.
21          MR. BERENZWEIG:  Thank you, Your Honor.
22 Your Honor, should we fill in an order?
23          THE COURT:  You can just fill one out

10

1  here.  That's the quickest way to do that.
2              MR. BERENZWEIG:  Thank you very much.
3              THE COURT:  Thank you.
4              (Whereupon, at approximately 10:46 o'clock
5  a.m., the above-entitled hearing was concluded.)

Anita B. Glover & Associates, Ltd.
10521 West Drive
Fairfax, Virginia 22030
(703) 591-3004

                                                                11

1                    CERTIFICATE OF REPORTER

2            I, Linda M. Kia, the Stenomask Reporter

3    who was duly sworn to well and truly report the foregoing

4    proceedings, do hereby certify that they are true and

5    correct to the best of my knowledge and ability; and that

6    I have no interest in said proceedings, financial or

7    otherwise, nor through relationship with any of the

8    parties in interest or their counsel.

9            IN WITNESS WHEREOF, I have hereunto set my

10   hand this ___22nd___ day of __August_____, 2007.

11

12                            _____
                                          Linda M. Kia
13                              Certified Verbatim Reporter

Anita B. Glover & Associates, Ltd.
10521 West Drive
Fairfax, Virginia 22030
(703) 591-3004