```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
LIGHTWAVE COMMUNICATIONS, LLC,        :
                                      :
              Petitioner,             :    07 Civ. 6519 (JSR)
                                      :
         -v-                          :    MEMORANDUM ORDER
                                      :
VERIZON SERVICES CORP., VERIZON       :
MARYLAND INC., VERIZON VIRGINIA       :
INC., VERIZON SOUTH INC., and         :
VERIZON WASHINGTON D.C. INC.,         :
                                      :
              Respondents.            :
--------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

By motion dated August 2, 2007, pursuant to Fed. R. Civ. P. 12(b)(1), respondents moved to dismiss this action for lack of subject matter jurisdiction. For the reasons that follow, that motion is granted.

The pertinent facts, based on the pleadings, as well as on "materials beyond the pleadings," which the Court may properly consider "to resolve the jurisdictional issue," J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004), are as follows:

Petitioner Lightwave Communications, LLC ("Lightwave") is a Delaware corporation, with its principal place of business in Laurel, Maryland. See Memorandum in Support of Lightwave Motion for Partial Confirmation and Partial Vacatur of Arbitration Award ("Petition Mem.") at 2. Respondent Verizon Services Corp., sued here together with certain of its affiliated carriers (collectively, "Verizon"), is likewise a Delaware corporation, with its principal place of business in Arlington, Virginia. Id. at 2-3.

Verizon is the dominant telecommunications service provider in the mid-Atlantic and Northeast regions of the United States, including Maryland, Virginia, and the District of Columbia. Id. at 3-4. Lightwave provides telecommunications services to customers in Maryland, Virginia, and the District of Columbia by purchasing telecommunications elements and services from Verizon on a wholesale basis. Id. at 4-5. Lightwave and Verizon compete for these customers. Id. at 5.

Under federal law, Verizon is obligated to provide telecommunications services to Lightwave, see 47 U.S.C. § 201(a), and Verizon's charges to Lightwave for these services must be reasonable, see id. § 201(b), and nondiscriminatory, see id. § 202(a). Further, Verizon must "interconnect" with Lightwave, provide Lightwave with nondiscriminatory access to Verizon network elements, and "negotiate in good faith the terms and conditions" of such interconnection. See id. §§ 251-252.

In accordance with 47 U.S.C. §§ 251-252 and FCC regulations, Lightwave entered into jurisdiction-specific Interconnection Agreements in Maryland, Virginia, and the District of Columbia with certain of the "Verizon" respondents. Petition Mem. at 5. Following an FCC ruling governing access to "network switching," which is a key network element, Lightwave entered into the "Wholesale Agreement" with Verizon to continue to serve some 10,000 customers. Id. The parties dispute whether the Wholesale Agreement supersedes the

Interconnection Agreements.  Compare Verizon Mem. at 2 with Lightwave Opp'n Mem. at 3.

Unlike the Interconnection Agreements, the Wholesale Agreement is not a creature of federal law, but section 8.1 of the Wholesale Agreement nevertheless provides that "[t]he construction, interpretation and performance of this Agreement shall be governed by . . . the laws of the United States of America."  See Affidavit of Andrew M. Klein dated August 16, 2007 ("Klein Affidavit"), Ex. G ("Wholesale Agreement").

Under the Wholesale Agreement, Verizon bills Lightwave on a monthly basis, allocating each claimed charge to a specific item. Petition Mem. at 6.  During the period between January 1, 2004 and June 30, 2006, Lightwave detected many billing inaccuracies.  When the parties could not resolve these issues through Verizon's internal review process, Lightwave took the disputes to arbitration pursuant to Section 18 of the Wholesale Agreement.  Id. at 6-7.  Specifically, on September 29, 2006, Lightwave filed an Arbitration Demand seeking final resolution of open disputes in the amount of $2,854,316.37. Id. at 8.  On October 19, 2006, Verizon filed an Answer claiming that it was entitled to the full amount in dispute plus an additional $796,703.40.  Id.  Thus, the total amount in dispute was $3,651,019.77.  Id.  An attorney named John A. Bonnello was appointed the arbitrator, and he received exhibits and conducted a 7-day hearing.  Id. at 9.

On April 27, 2007, the arbitrator issued an Award awarding Lightwave a total of $1,078,623.81 and awarding Verizon a total of

3

$1,846,386.75. Id.; see Klein Affidavit Ex. F. In effect, by addressing the parties' respective entitlements to these amounts, which add up to $2,925,010.56, the Award denied to Verizon the remaining $726,009.21 it had claimed. Petition Mem. at 9.

Although, pursuant to the terms of the Wholesale Agreement, the arbitrator did not state the reasons for his determinations, the Award did include a five-page chart showing each individual item to which each party was found to be entitled. See Klein Affidavit Ex. F. Further, the Award specified that Verizon was required to "issue all credits due to Lightwave under this Award," and that Lightwave was then required "to make any payments due to Verizon, net of credits received from Verizon." Id. at 1. Verizon has already posted credits for $1,078,623.81 to Lightwave's account. Verison Mem. at 2-3; Petition Mem. at 9.

On July 5, 2007, Verizon filed a motion in the Circuit Court of Fairfax County, Virginia, seeking confirmation of the Award. Verizon Mem. at 3. On July 19, 2007, Lightwave filed a motion in this Court seeking confirmation, inter alia, of that portion of the Award relating to the credits that Verizon has already posted to Lightwave's account, but seeking vacatur of numerous other aspects of the Award, on the grounds, inter alia, that the arbitrator "exceeded [his] powers" under the parties' agreements, which is a ground for vacatur set forth in the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(4), see Petition Mem. at 23-42, and that the arbitrator manifestly disregarded federal law, id. at 50-56.

4

Against this backdrop, Verizon has moved to dismiss this action for lack of subject matter jurisdiction on the grounds that the parties are not diverse, federal law does not create Lightwave's cause of action, and resolution of Lightwave's motion does not turn on any substantial federal question.[1]  Verizon Mem. at 4-5 & n.2. Lightwave does not contest Verizon's assertions that the parties are non-diverse and that federal law does not create Lightwave's cause of action, but rather argues that this Court nevertheless has subject matter jurisdiction because "resolution of Lightwave's motion relies directly on questions of federal law."  Lightwave Opp'n Mem. at 1.

The pertinent legal principles are well-established. Although section 10 of FAA authorizes "the United States court in and for the district wherein the [arbitration] award was made" to "make an order vacating the award" under certain circumstances, 9 U.S.C. § 10(a), "it is well-settled that the FAA does not confer subject matter jurisdiction on the federal courts." Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir. 2000).  "Therefore, federal

---

[1] In the alternative, Verizon has moved to dismiss the action, or at least to stay it, pursuant to the abstention doctrine set out in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) on the ground that this action is duplicative of the first-filed state-court action in Virginia. However, the Circuit Court of Fairfax County, Virginia, indicated at a conference on 8/17/07 that it would stay the action there in favor of the action here. See Verizon Reply Mem. Ex. A at 7. Accordingly, abstention would be inappropriate because it would preclude Lightwave from proceeding in either forum. See Vladimir v. Cowperthwait, 2007 WL 1964157, at *2 (S.D.N.Y. 2007) (denying defendants' request for a stay pursuant to Colorado River where "the state court action is presently stayed," and "[s]taying the federal action would, at least temporarily, preclude the plaintiff from proceeding in either forum on any claim for relief").

question jurisdiction does not arise simply because a petitioner brings a claim under § 10 of the FAA; there must be 'an independent basis of jurisdiction' before district courts may entertain petitions to vacate." Id. (quoting Harry Hoffman Printing, Inc. v. Graphic Commc'ns, Int'l Union, Local 261, 912 F.2d 608, 611 (2d Cir. 1990)). "Simply raising federal-law claims in the underlying arbitration is insufficient to supply this 'independent basis,'" but "federal jurisdiction may still lie if the ultimate disposition of the matter by the federal court 'necessarily depends on resolution of a substantial question of federal law.'" Id. at 26 (quoting Barbara v. New York Stock Exch., Inc., 99 F.3d 49, 54 (2d Cir. 1996) (internal quotation marks omitted)). Thus, "whether or not a petition to vacate under § 10 raises a substantial federal question turns on the ground for the petitioner's challenge to the award." Id. "Where the arbitrators' alleged manifest disregard of federal law forms a key part of the petitioner's complaint about the award, the federal questions thereby presented are substantial enough to support federal jurisdiction." Id. at 27.

Verizon argues that Lightwave's manifest-disregard argument is not a "key part" of Lightwave's petition, where it "begins on page fifty" of a fifty-six page petition, "amounts to only four paragraphs," and is a "relatively minor argument," not to mention "a brief and subordinate argument." Verizon Reply Mem. at 5. Lightwave responds that the arbitrator's alleged manifest disregard of federal

law does form a key part of Lightwave's motion,[2] and Lightwave highlights two examples that, Lightwave contends, "are most illustrative." Lightwave Opp'n Mem. at 7.

First, Lightwave argues that the arbitrator manifestly disregarded 47 U.S.C. §§ 201, 202, 251, & 252, which prohibit discriminatory, unreasonable, and unlawful billing, when the arbitrator awarded Verizon $206,828.32 for "Local Usage," in spite of the fact that Verizon admitted that Lightwave had already paid Verizon for Local Usage, and, more importantly, in spite of the fact that "[a]fter these payments were made," the FCC reduced "the rate for local switching in Virginia . . . to zero ($0.00)," so that it was Lightwave, not Verizon, that was entitled to an Award returning those payments made. See Petition Mem. at 32. But even if the arbitrator made a mathematical error in calculating the award, Verizon did not dispute at the arbitration that the FCC had reduced the applicable rate to zero. See Klein Affidavit Ex. E (Verizon Arbitration Brief agreeing that an FCC arbitration had resulted in a rate change for Local Usage and explaining how Verizon had attempted to credit Lightwave for payments made); see also transcript, 8/30/07.

---

[2] Lightwave also argues that this Court has subject matter jurisdiction pursuant to Section 8.1 of the Wholesale Agreement, which provides that "Verizon and Lightwave each irrevocably consents to the personal and subject matter jurisdiction of the courts located in the Borough of Manhattan, State of New York to the extent necessary to give effect to or to enforce the provisions of this Agreement, and waives any defense of lack of jurisdiction, improper venue or inconvenient forum." Wholesale Agreement § 8.1; Lightwave Opp'n Mem. at 19-23. However, it is well-established that "the parties' consent alone cannot confer subject matter jurisdiction on the court." Bay Shore Union Free Sch. Dist. v. Kain, 485 F.3d 730, 733 (2d Cir. 2007).

Accordingly, Lightwave has presented no evidence indicating that there was any genuine issue of federal law before the arbitrator with respect to local usage that he could have manifestly disregarded; if anything, he manifestly disregarded the facts.[3]

Second, Lightwave argues that the arbitrator manifestly disregarded 47 U.S.C. § 201(b), which prohibits unjust and unreasonable charges or practices, and 47 U.S.C. § 251(c)(3), which imposes a duty on Verizon to provide telecommunications services on rates, terms, and conditions that are just, where the arbitrator awarded Verizon $477,810.55 "for Interoffice Dedicated Transport that Verizon admitted it did not provide." See Lightwave Opp'n Mem. at 8-9. But Verizon's position at the arbitration was that, although Verizon did not provide this service by way of a so-called "hard" Foreign Exchange method, Verizon did provide the service by way of a "soft" Foreign Exchange method. See Klein Affidavit Ex. D; Verizon Post-Hearing Brief at 13. Again, Lightwave has presented no evidence that there was any genuine issue of federal law before the arbitrator that he could have manifestly disregarded.

In sum, even Lightwave's "most illustrative" examples, see Lightwave Opp'n Mem. at 7, do not show the arbitrator's manifest disregard of federal law to be the "key part" of Lightwave's motion

---

[3] Following oral argument on this motion on 8/30/07, the Court gave the parties permission to submit any factual materials from the underlying arbitration bearing on the instant motion, without argument, subject to no page limit. Accordingly, on 8/31/07, the Court received some hundreds of pages of materials from the parties, and has considered those materials in rendering its decision on the instant motion.

to vacate, and as a result, the federal questions presented by this action are not remotely "substantial enough to support federal jurisdiction." Greenberg, 220 F.3d at 27.

Accordingly, Verizon's motion to dismiss this case for lack of subject matter jurisdiction is granted.[4] The Clerk of the Court is hereby directed to close document 10 and to dismiss the case.

SO ORDERED.

                                                  JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       August 31, 2007

---

[4] In an Order dated August 10, 2007, this Court granted Lightwave's motion to temporarily enjoin Verizon from imposing a service embargo against Lightwave, in spite of Verizon's argument that this Court lacked jurisdiction, on the ground that this Court at least had jurisdiction to determine its jurisdiction, which was then the subject of ongoing motion practice. See, e.g., United States v. United Mine Workers of Am., 330 U.S. 258, 292 (1947) ("a court has jurisdiction to determine its own jurisdiction."). However, in light of the Court's instant determination, that Order dated 8/10/07 is hereby dissolved.

9